OPINION
{¶ 1} Defendant-Appellant, Scott L. Seeley, appeals a judgment entry of the Union County Court of Common Pleas, denying his motion to withdraw his guilty plea. On appeal, Seeley asserts that the trial court erred in sentencing him to prison for community control violations in October of 2004, that the trial court erred in sentencing him to more than the minimum term in October of 2004, that his trial counsel, during the October of 2004 sentencing, was ineffective and that the prosecutor engaged in prosecutorial misconduct by requesting a prison sentence in October of 2004. Finding that the trial court did not abuse its discretion in denying Seeley's motion to withdraw his guilty plea, we affirm the judgment of the trial court.
 {¶ 2} In May of 2004, Seeley was indicted one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and one count of illegal cultivation of marijuana in violation of R.C. 2925.04(A), a felony of the third degree.
 {¶ 3} In July of 2004, Seeley entered a plea of guilty to one count of tampering with evidence in violation of R.C.2921.12(A)(1), a felony of the third degree. Seeley was sentenced to community control upon his conviction, and the remaining count of the indictment was dismissed.
 {¶ 4} In October of 2004, a community control violation hearing was held and the trial court found that Seeley had violated the terms of his community control. Subsequently, the trial court sentenced Seeley to four years in prison upon the tampering with evidence conviction. Seeley did not appeal this sentence.
 {¶ 5} In June of 2005, Seeley filed a pro se motion with this Court for delayed appeal. Additionally, Seeley filed a motion for appointment of counsel. Subsequently, this Court denied Seeley's motion for delayed appeal.
 {¶ 6} In November of 2005, Seeley filed a pro se motion to withdraw his guilty plea. In Seeley's motion to withdraw his guilty plea, he asserted that his trial counsel was ineffective for not objecting to the prison sentence imposed during the October 2004 sentencing and for not filing a timely appeal.
 {¶ 7} On November 8, 2005, the trial court denied Seeley's motion to withdraw his guilty plea.[1] It is from this judgment Seeley appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I TRIAL COURT ERRED IN IMPOSING A PRISON TERM UPON THE APPELLANTBECAUSE THE TRIAL COURT DID NOT INFORM HIM OF ANY SPECIFIC PRISONTERM THAT WOULD HAVE BEEN IMPOSED AT THE ORIGINAL SENTENCINGHEARING WERE HE TO VIOLATE COMMUNITY CONTROL CONDITIONS AS ISREQUIRED BY O.R.C. § 2929.19(B)(5), THEREBY VIOLATING APPELLANTS(sic.) U.S. CONST. 14TH AMEND. DUE PROCESS, AND ART. I § 10 OFTHE OHIO CONSTITUTION.
 Assignment of Error No. II THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MORE THEN(sic.) THE MINIMUM TERM PROVIDED BY LAW, AND IS IN ERROR FOR NOTALLOWING THE APPELLANT TO WITH DRAWL (sic.) HIS GUILTY PLEA INORDER TO CORRECT MANIFEST INJUSTICE, WHEN TRIAL COURT KNOWNS(sic.) THAT APPELLANTS (sic.) 6TH, AND 14TH AMENDMENT (sic.) WEREVIOLATED AS WELL AS THE OHIO CONSTITUTION ARTICLE I § 10.
 Assignment of Error No. III DEFENDANT-APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TOTHE EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSELS FAILURE TOOBJECT TO THE COURTS (sic.) HAVING SENTENCED DEFENDANT-APPELLANTTO MORE THEN (sic.) THE MINIMUM, AND TO A PRISON TERM WHEN NOPRISON SENTENCE WAS GIVEN AT THE ORIGNAL SENTENCE HEARING, ANDNONE SHOULD HAVE BEEN GIVEN SINCE THE DEFENDANT-APPELLANTVIOLATED HIS SANCTION, THE SENTENCING STATUTES CALLED FORRE-INTATING COMMUNITY CONTROL WHEN NO SPECIFIC SENTENCE WAS GIVENAT ORIGINAL SENTENCING HEARING, ATTORNEY KNEW OF OR SHOULD HAVEKNOWN OF O.R.C. § 2929.19.19(B)(5) THUS VIOLATING HIS U.S. CONST.6TH AMEND., AND OHIO CONST. ART. I § 10 RIGHTS.
 Assignment of Error No. IV THE PROSECUTOR ENGAGED IN PROSECUTORIAL MISCONDUCT BYREQUESTING SUCH A SENTENCE KNOWING THE SENTENCE (sic.) STATUTES,AND FOR FAILING TO ALLOW IT TO BE CORRECTED WHENDEFENDANT-APPELLANT FILED HIS MOTION TO WITH DRAWL (sic.) INORDER TO CORRECT THE MANIFEST INJUSTICE.
 {¶ 8} In a supplemental brief filed by Seeley, he also asserts that his sentence was in violation of State v. Foster.109 Ohio St.3d 1, 2006-Ohio-856.
 Assignments of Error No. I, II, III, IV Supplemental Issues {¶ 9} In the first, second, third and fourth assignments of error as well as in the supplemental brief, Seeley asserts that his sentence is in violation of the Ohio Revised Code as well asFoster. In the second assignment of error, Seeley asserts that the trial court erred in denying his motion to withdraw his guilty plea. Specifically, Seeley asserts that his guilty plea should be withdrawn based upon his being sentenced to more than the minimum sentence. Because these assignments of error are interrelated, we will address them together.
 {¶ 10} The judgment from which Seeley has appealed is the trial court's denial of his motion for leave to withdraw his plea. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While a motion to withdraw a guilty plea made prior to sentencing should be liberally granted, a motion to withdraw a guilty plea made subsequent to sentencing will be granted only upon the demonstration of manifest injustice. State v. Smith (1977),49 Ohio St.2d 261, 264; State v. Peterseim (1980),68 Ohio App.2d 211, 213.
 {¶ 11} A motion made pursuant to Crim. R. 32.1 is left to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. Smith. 49 Ohio St.2d at para. two of the syllabus; State v. Stumpf (1987),32 Ohio St.3d 95, 104. We may not find an abuse of discretion unless the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 12} Upon review of the record, we cannot find that the trial court abused its discretion in denying Seeley's motion to withdraw his guilty plea. First, everything raised in Seeley's motion to withdraw his guilty plea was aimed at the sentence imposed following the trial court's October 2004 finding that he violated his community control. Specifically, Seeley asserts that the trial court's sentencing him to a term of prison is a manifest injustice. A motion to withdraw a guilty plea, however, is used to attack a manifest injustice under Crim.R. 11, which deals with a defendant's plea being knowing, voluntary and intelligent. Seeley asserts nothing in either his original motion to withdraw his guilty plea or on appeal about his initial plea in June of 2004 being unknowing or involuntary.
 {¶ 13} Additionally, we have not been provided with any record of the June 2004 plea proceedings. It is Appellant's duty to order from the reporter the necessary portions of the transcript. App.R. 9(B). In absence of a transcript, an appellate court is required to assume the regularity of the lower court's proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Thus, without having anything to review, we must assume that Seeley's plea was knowing, voluntary and intelligent.
 {¶ 14} Because all of Seeley's other assignments of error deal with his sentence, those assignments of error are not properly before this Court as this time. Accordingly, assignments of error one, two, three and four as well as Seeley's supplemental issues are overruled.
 {¶ 15} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant, P.J., and Shaw, J., concur.
[1] The State asserts that there is no final appealable order based upon a November 9, 2005 entry vacating the November 8, 2005 judgment entry. However, because the November 8, 2005, judgment entry was a final appealable order, the trial court was without authority to vacate that order. Thus, the November 9, 2005 order did not disturb Seeley's right to appeal the denial of the motion to withdraw his guilty plea. Additionally, all subsequent orders by the trial court were superfluous.