OPINION *Page 2 
{¶ 1} Defendant-Appellant Scott L. Seeley ("Seeley") appeals from the August 17, 2006 Journal Entry of Sentence of the Court of Common Pleas, Union County, Ohio terminating Seeley's community control and sentencing him to a prison term of four years.
 {¶ 2} On May 6, 2004 a Union County Grand Jury indicted Seeley for one count of Tampering with Evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1), and one count of Illegal Cultivation of Marijuana, a felony of the third degree, in violation of R.C.2925.04(A).
 {¶ 3} On June 21, 2004 Seeley voluntarily withdrew his former plea of not guilty and entered a plea of guilty to the charge of Tampering with Evidence, in violation of R.C. 2921.12(A)(1). The State of Ohio dismissed the charge of Illegal Cultivation of Marijuana. On July 19, 2004 this matter proceeded to sentencing, and the trial court sentenced Seeley to three years of community control for his conviction of Tampering with Evidence. Seeley did not appeal this sentence.
 {¶ 4} On or about October 1, 2004 through October 5, 2004 Seeley violated the terms of his community control by leaving the state of Ohio without written permission from his probation officer and by testing positive for marijuana. On October 22, 2004 the trial court conducted a hearing on Seeley's probation violation charges. Seeley admitted the violation of his community *Page 3 
control, and the trial court sentenced Seeley to four years in prison for the charge of Tampering with Evidence in violation of R.C.2921.12(A)(1), a felony of the third degree. Seeley did not appeal this sentence.
 {¶ 5} On April 27, 2005 Seeley filed a motion for judicial release which was subsequently overruled by the trial court on May 2, 2005. On June 27, 2005 Seeley filed a pro se motion with this Court for delayed appeal of the trial court's October 22, 2004 sentence pursuant to App.R. 5(A). This motion for delayed appeal was overruled.
 {¶ 6} On November 4, 2005 Seeley filed a pro se motion to withdraw his guilty plea. The trial court denied Seeley's motion to withdraw his guilty plea on November 8, 2005 and December 16, 2005. On November 23, 2005 Seeley filed an appeal with this court based upon the trial court's decision to overrule his motion to withdraw his guilty plea. On May 15, 2006 this court found that the trial court did not abuse its discretion in denying Seeley's motion to withdraw his guilty plea and affirmed the judgment of the trial court. (Case No. 14-05-53, 2006-Ohio-2376).
 {¶ 7} On July 21, 2006 Seeley filed a pro se motion for re-sentencing based upon the decision of State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856. The trial court granted Seeley's motion for re-sentencing, appointed counsel for Seeley and scheduled the matter for re-sentencing on August 17, 2006. *Page 4 
 {¶ 8} In its Journal Entry dated August 17, 2006 the trial court terminated Seeley's community control and sentenced him to four years in prison with credit for 682 days already served.
 {¶ 9} Seeley now appeals, asserting one assignment of error.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT FAILED TO ADVISE APPELLANT OF A SPECIFIC PRISON SENTENCE HE WOULD RECEIVE IF HE VIOLATED THE TERMS OF HIS COMMUNITY CONTROL.
 {¶ 10} In his sole assignment of error, Seeley argues that he was not properly notified of the particular sentence he would receive in the event he violated community control sanctions.
 {¶ 11} Prior to addressing Seeley's assignment of error, we must first address the nature of this appeal.
 {¶ 12} Seeley was initially sentenced to three years of community control for his conviction of Tampering with Evidence on July 19, 2004. However, we note that the record does not include a transcript of this sentencing hearing. Additionally, we note that the trial court's July 19, 2004 Journal Entry of Sentence did not notify Seeley of the specific prison term that would be imposed if he violated the terms of his community control. Instead, in paragraph nine of the Journal Entry, the court stated as follows:
 "Defendant is hereby notified that if the conditions of community control are violated, the Court may impose a longer *Page 5 time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the Defendant in which event the Defendant could receive a maximum prison term of up to 5 years."
 {¶ 13} In State v. Brooks (2004), 103 Ohio St.3d 134, 135,2004-Ohio-4746, the Supreme Court of Ohio addressed the issue of whether or not the second sentence of R.C. 2929.15(B), read in pari materia with the second sentence of R.C. 2929.19(B)(5), requires that a court sentencing a defendant to a community control sanction must, at the time of such sentencing, notify the defendant of the specific prison term it may impose for a violation of such sanction, as a prerequisite to imposing a prison term on the defendant for such a violation. InBrooks, at paragraphs one and two of the syllabus, the Supreme Court of Ohio stated as follows:
 Pursuant to R.C. 2929.19(B)(5), a trial court sentencing an offender to a community control sanction is required to deliver the statutorily detailed notifications at the sentencing hearing. (State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, applied and followed.)
 Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.
 {¶ 14} It is undisputed that the trial court's July 19, 2004 Journal Entry of Sentence did not comply with the requirement that it notify Seeley of the specific *Page 6 
prison term that would be imposed should he violate the terms of his community control. However, our review of the record reveals that Seeley did not file a direct appeal of this sentence, nor did he file a direct appeal of the four year sentence issued by the court of October 22, 2004 subsequent to Seeley's violation of his community control. Although Seeley filed a motion for a delayed appeal of the trial court's October 22, 2004 Journal Entry with this court, it was denied by this court on August 11, 2005. (Case No. 14-05-22).
 {¶ 15} Additionally, we note that Seeley advanced substantially the same argument in the present appeal as he did as Assignment of Error No. 1, contained in his previous appeal to this court regarding the trial court's decision to overrule his motion to withdraw his guilty plea.[1] (See Case No. 14-05-53, 2006-Ohio-2376). Seeley also filed a supplemental brief in that case and asserted that his sentence was in violation of State v. Foster, supra. In affirming the judgment of the trial court, this court ruled in pertinent part, as follows:
 Additionally, we have not been provided with any record of the June 2004 plea proceedings. It is Appellant's duty to order from the reporter the necessary portions of the transcript. App.R. 9(B). In absence of a transcript, an appellate court is required to assume the regularity of the lower court's proceedings. (Citation omitted). Thus, without having anything to review, we *Page 7 must assume that Seeley's plea was knowing, voluntary and intelligent. Because all of Seeley's other assignments of error deal with his sentence, those assignments of error are not properly before this Court at this time. Accordingly, assignments of error one, two, three and four as well as Seeley's supplemental issues are overruled.
State v. Seeley 3rd Dist. No. 14-05-53,2006-Ohio-2376 at ¶ 13 and 14.
 {¶ 16} Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Valance 3rd Dist. No. 9-03-02, 2003-Ohio-2387 citing State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. Therefore, to survive preclusion by res judicata, a defendant must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record. State v. Ferko 9th Dist. No. 20608, 2001-Ohio-1402.
 {¶ 17} Although Seeley is currently appealing the August 17, 2006 Journal Entry of Sentence, we find that his assignment of error relates to the validity of the July 19, 2004 Journal Entry of Sentencing in which the trial court erred by failing *Page 8 
to notify Seeley of the specific prison term that would be imposed should he violate the terms of his community control. Pursuant to App.R.4(A), "A party shall file the notice of appeal required by App.R.3 within thirty days of the later of entry of the judgment or order appealed . . ." However, Seeley did not appeal from the July 19, 2004 Journal Entry nor did he appeal from the October 22, 2004 Journal Entry wherein the trial court failed again to advise him of a specific prison sentence should he violate again. Any questions concerning the validity of this entry or matters pertaining thereto should have been raised by direct appeal. State v. Crutchfield 3rd Dist. Nos. 11-01-09, 11-01-10, 2002-Ohio-568.
 {¶ 18} Therefore, because Seeley failed to file a notice of appeal of his original sentence of community control within thirty days of the July 19, 2004 Journal Entry of Sentencing; did not file a request for a delayed appeal of that sentence; did not file a direct appeal of the trial court's October 22, 2004 sentence of four years in prison; and because his motion for a delayed appeal of that sentence was previously denied by this court, we are without jurisdiction to determine the merits of his appeal on those issues related to the July 19, 2004 Journal Entry. See App.R.3; State v. Pringle 3rd Dist. No. 2-03-12, 2003-Ohio-4235; State v. Gordon 5th Dist. No. 2-CA-92, 2003-Ohio-1900. *Page 9 
 {¶ 19} Thus, the doctrine of res judicata prevents us from reviewing both the merits of the original sentence and addressing Seeley's assignment of error. See State v. Byrd 3rd Dist. Nos. 4-05-17, 4-05-18, 2005-Ohio-5613.
 {¶ 20} For the reasons stated above, this appeal is hereby dismissed.
Appeal dismissed.
 ROGERS, P.J., and PRESTON, J., concur. r
[1] Seeley's previous Assignment of Error No. 1 states as follows: "The trial court erred in imposing a prison term upon the Appellant because the trial court did not inform him of any specific prison term that would have been imposed at the original sentencing hearing were he to violate community control conditions as is required by O.R.C. §2929.19(B)(5), thereby violating Appellants (sic) U.S. Const. 14th Amend. Due process, and Art. I § 10 of the Ohio Constitution." *Page 1