OPINION *Page 2 
{¶ 1} Defendant-appellant Russell L. Logsdon ("Logsdon") brings this appeal from the judgment of the Court of Common Pleas of Seneca County finding him guilty of domestic violence and sentencing him to four years in prison.
 {¶ 2} On January 26, 2005, Logsdon and his girlfriend, stopped at a gas station. While there, the victim attempted to enter the convenience store. Tr. 176-77. Once at the door, she called for someone to call 911. Id. at 198. Logsdon forcefully stopped her, grabbed her arm, and pushed her back into the vehicle. Id. at 178, 199. Logsdon then leaned inside the vehicle and a witness heard punches. Id. at 179. Another witness observed Logsdon strike the victim with his fist two or three times. Id. at 199-200. The witness then called the police. Id. at 200.
 {¶ 3} Logsdon then left the gas station and was stopped by officers of the Tiffin Police Department. Id. at 262. The officers observed blood coming from the victim's nose and on Logsdon's hands. Id. at 264, 266. The victim was then taken by ambulance to the emergency room. Id. at 353. The victim was observed to have dried blood around her nose and mouth. Id. at 354.
 {¶ 4} On February 24, 2005, the Seneca County Grand Jury indicted Logsdon on one count of abduction, a felony of the third degree, one count of domestic violence, a felony of the third degree, and one count of intimidation of a victim, a first degree misdemeanor. Logsdon entered pleas of not guilty to all *Page 3 
charges. Prior to trial Logsdon moved to have the domestic violence charge dismissed. The motion was overruled. On May 12, 2005, a hearing was held on the State's motion in limine and Logsdon's motion in limine. The State requested that evidence of the victim's intoxication after her release from the hospital not be permitted. Logsdon's motion requested that the State not be permitted to introduce any evidence of his prior bad acts or drug or alcohol problems except those necessary for the offenses charged. Both motions were denied in part and granted in part on May 24, 2006. On May 26, 2006, the State moved to dismiss the charge of intimidation of a victim and the trial court granted the motion.
 {¶ 5} On June 2 and 3, 2006, a jury trial was held. At the conclusion of the trial, the jury found Logsdon guilty of the domestic violence charge and not guilty of the abduction charge. The trial court then held a sentencing hearing on July 22, 2005. The trial court sentenced Logsdon to a term of four years in prison. Logsdon then appealed from those judgments. On June 12, 2006, this court sustained the third assignment of error finding that the domestic violence law did not apply in Logsdon's circumstances and reversing the judgment of the trial court. The remaining assignments of error were not addressed. The matter was appealed to the Ohio Supreme Court and was reversed on September 19, 2007. See In re Ohio Domestic-Violence Statute Cases,114 Ohio St.3d 430, 2007-Ohio-4552, 872 N.E.2d 1212. On October 4, 2007, Logsdon filed a motion to reactivate *Page 4 
the appeal for determination of the remaining assignments of error. This court granted this motion on October 12, 2007. Thus, the assignments of error for our consideration are as follows.
 I. The verdict finding [Logsdon] guilty of domestic violence was against the manifest weight of the evidence.
 II. The trial court erred in granting (sic) [Logsdon's] motion for judgment of acquittal under [Crim.R. 29(A)].
 IV. The trial court erred to the prejudice of [Logsdon] in granting the State's motion in limine by not allowing evidence of [the victim's] intoxication after 2:44 P.M. on January 26, 2005.[1]
 V. Sentencing in this case violated the Apprendi doctrine as explained in Blakely v. Washington and was therefore unconstitutional.
 {¶ 6} In the first assignment of error, Logsdon claims that the verdict was against the manifest weight of the evidence.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." *Page 5 
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 514
(citing Black's Law Dictionary (6 Ed.1990) 1594). A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. Id. Although the appellate court may act as a thirteenth juror, it should still give due deference to the findings made by the fact-finder.
 The fact-finder * * * occupies a superior position in determining credibility. The fact-finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is a Herculean endeavor. A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact-finder.
State v. Thompson (1998), 127 Ohio App.3d 511, 529, 713 N.E.2d 456.
 {¶ 7} To find Logsdon guilty of domestic violence as charged, the jury had to find that he 1) knowingly, 2) caused or attempted to cause, 3) physical harm, 4) to a family or household member. R.C. 2919.25(A). Additionally, the jury had to find that Logsdon had two prior convictions for domestic violence in order to find him guilty of the third degree felony. R.C. 2919.25(D)(4). A household member includes one living as a spouse of the offender. R.C. 2919.25(F)(1)(a)(i).
 {¶ 8} During the trial, two witnesses testified that they observed Logsdon strike the victim. Tr. 179, 199-200. The victim also testified that Logsdon struck *Page 6 
her and that she and Logsdon were involved in a lengthy relationship which involved cohabitating. Id. at 297, 301. Lieutenant M. Craig ("Craig") testified that when she observed the victim in the vehicle, she saw the victim had "blood all the way from her nose all the way on her chin." Id. at 264. Craig also noticed blood on Logsdon's hands. Tr. at 266. Finally, Craig testified that Logsdon had two prior convictions for domestic violence involving the victim. Id. at 268. Given this evidence, this court does not find that the evidence weighs heavily against conviction or that the jury lost its way. Thus, the verdict is not against the manifest weight of the evidence and the first assignment of error is overruled.
 {¶ 9} Next, Logsdon claims that the trial court erred in denying his motion for acquittal.[2] "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense." Crim.R. 29(A). Evidence is sufficient when, after viewing the evidence in a light most favorable to the state, a rational trier of fact could find the essential elements of the offense proven beyond a reasonable doubt. State v. Johns, 3rd Dist. No. 13-04-23, 13-04-24, 13-04-25,2005-Ohio-1694, ¶ 8. As discussed above, the evidence was sufficient to establish that each element of the offense of domestic *Page 7 
violence was proven. Thus, the trial court did not err in denying Logsdon's motion for acquittal.
 {¶ 10} The fourth assignment of error alleges that the trial court erred by granting the State's motion in limine excluding evidence of the victim's intoxicated state the night after the offense. Additionally, Logsdon claims that the state violated its own motion in limine by introducing photos taken outside the limits imposed by the trial court. The denial of a motion in limine alone does not preserve the issue for appeal. State v. Hill (1996), 75 Ohio St.3d 195, 661 N.E.2d 1068. A ruling on a motion in limine is preliminary and subject to change during trial. State v. Grubb (1986), 28 Ohio St.3d 199, 503 N.E.2d 142. "At trial it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion in limine, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." Id. at 203. If no proffer of evidence is made, the issue is waived on appeal. Id.
 {¶ 11} Here, the State offered the photographs taken January 27, 2005, the day after the incident. No objection was made to the photographs when the officer identified them. Tr. 166. In fact, no objection was made as to the photographs themselves. Tr. 369. Logsdon only commented that he was not sure *Page 8 
the photographs had been properly authenticated. Tr. 370. Additionally, Logsdon did not proffer any additional evidence or testimony that he would have elicited if the motion in limine had not been granted. Without such a proffer, the issue is waived on appeal. For this reason, the fourth assignment of error is overruled.
 {¶ 12} In the fifth assignment of error, Logsdon claims that his sentence is unconstitutional because it requires the trial court to make findings of fact not made by the jury. This court notes that Logsdon was sentenced on July 22, 2005. Several appeals followed, including one to the Supreme Court. On February 27, 2006, the Ohio Supreme Court released its opinion in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. The Foster opinion found that the sentencing statutes of Ohio violated the U.S. Constitution and ordered that all cases pending during the release of Foster be remanded for resentencing. Since Logsdon's case was pending on appeal at the time Foster was released, the Foster holding applies. Thus, the fifth assignment of error is sustained.
 {¶ 13} The judgment of the Court of Common Pleas of Seneca County is affirmed in part and reversed in part. The matter is remanded to the trial court for resentencing.
Judgment affirmed in part and reversed in part and causeremanded.
 ROGERS, P.J., and SHAW, J., concur.
[1] This is the fourth assignment of error, because the third assignment of error was previously decided and reversed by the Supreme Court leaving the first, second, fourth, and fifth assignments of error to be decided.
[2] The actual assignment of error states that the motion was granted, however, the record indicates that the motion was denied. *Page 1