OPINION
{¶ 1} Defendant-Appellant Russell L. Logsdon appeals from the February 20, 2008 Judgment Entry of Sentence of the Court of Common Pleas of Seneca County, Ohio resentencing him to four years in prison for his conviction for Domestic Violence, in violation of 2919.25(A)(D)(4), a felony of the third degree.
 {¶ 2} This case has previously come before this Court on the direct appeal of Logsdon's conviction. On direct appeal, this Court affirmed Logsdon's conviction and described the facts of the case as follows:
 On January 26, 2005, Logsdon and his girlfriend, stopped at a gas station. While there, the victim attempted to enter the convenience store. Tr. 176-77. Once at the door, she called for someone to call 911. Id. at 198. Logsdon forcefully stopped her, grabbed her arm, and pushed her back into the vehicle. Id. at 178, 199. Logsdon then leaned inside the vehicle and a witness heard punches. Id. at 179. Another witness observed Logsdon strike the victim with his fist two or three times. Id. at 199-200. The witness then called the police. Id. at 200.
 Logsdon then left the gas station and was stopped by officers of the Tiffin Police Department. Id. at 262. The officers observed blood coming from the victim's nose and on Logsdon's hands. Id. at 264, 266. The victim was then taken by ambulance to the emergency room. Id. at 353. The victim was observed to have dried blood around her nose and mouth. Id. at 354.
 On February 24, 2005, the Seneca County Grand Jury indicted Logsdon on one count of abduction, a felony of the third degree, one count of domestic violence, a felony of the third degree, and one count of intimidation of a victim, a first degree misdemeanor. Logsdon entered pleas of not guilty to all charges. Prior to trial Logsdon moved to have the domestic violence charge dismissed. The motion was overruled. On May 12, 2005, *Page 3 a hearing was held on the State's motion in limine and Logsdon's motion in limine. The State requested that evidence of the victim's intoxication after her release from the hospital not be permitted. Logsdon's motion requested that the State not be permitted to introduce any evidence of his prior bad acts or drug or alcohol problems except those necessary for the offenses charged. Both motions were denied in part and granted in part on May 24, 200[5]. On May 26, 200[5], the State moved to dismiss the charge of intimidation of a victim and the trial court granted the motion.
 On June 2 and 3, 200[5], a jury trial was held. At the conclusion of the trial, the jury found Logsdon guilty of the domestic violence charge and not guilty of the abduction charge. The trial court then held a sentencing hearing on July 22, 2005. The trial court sentenced Logsdon to a term of four years in prison. Logsdon then appealed from those judgments. On June 12, 2006, this court sustained the third assignment of error finding that the domestic violence law did not apply in Logsdon's circumstances and reversing the judgment of the trial court. The remaining assignments of error were not addressed. The matter was appealed to the Ohio Supreme Court and was reversed on September 19, 2007. See In re Ohio Domestic-Violence Statute Cases, 114 Ohio St.3d 430, 2007-Ohio4552, 872 N.E.2d 1212. On October 4, 2007, Logsdon filed a motion to reactivate the appeal for determination of the remaining assignments of error. This court granted this motion on October 12, 2007.
State v. Logsdon, 3rd Dist. No. 13-05-29, 2007-Ohio-6715.
 {¶ 3} This Court affirmed Logsdon's conviction, but, pursuant toState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, we remanded the case to the trial court for resentencing. *Page 4 
 {¶ 4} A hearing was held on February 14, 2008 concerning Logsdon's resentencing. In a Judgment Entry of Sentence dated February 20, 2008 Logsdon was sentenced to four years in prison for his conviction of Domestic Violence.
 {¶ 5} Logsdon now appeals asserting one assignment of error.
 ASSIGNMENT OF ERROR APPELLANT RUSSELL LOGSDON WAS DENIED THE EFFECTIVE ASSISTANCE OFCOUNSEL BECAUSE HIS TRIAL COUNSEL FAILED TO SEEK THE INTRODUCTION OF THEALLEGED VICTIM'S INTOXICATION BY PROFFER OR OTHERWISE IN ORDER TO ENABLETHE COURT TO MAKE A FINAL DETERMINATION AS TO ITS ADMISSIBILITY AND TOPRESERVE ANY OBJECTION ON THE RECORD FOR PURPOSES OF APPEAL.
 {¶ 6} As an initial matter we note that Logsdon is ostensibly appealing the Judgment Entry that was issued when he was re-sentenced after a remand for resentencing. However, Logsdon's assignment of error deals directly with his conviction, not the re-sentencing. Logsdon already received a direct appeal in State v. Logsdon, 3rd
Dist. No. 13-05-29, 2007-Ohio-6715.
 {¶ 7} Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Valance, 3rd Dist. No. 9-03-02, 2003-Ohio-2387 *Page 5 
citing State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Therefore, to survive preclusion by res judicata, a defendant must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record. State v. Ferko 9th Dist. No. 20608, 2001-Ohio-1402. See alsoState v. Seeley, 3rd Dist. No. 14-06-48, 2007-Ohio-1538.
 {¶ 8} Although Logsdon is currently appealing the February 20, 2008 Judgment Entry of Sentence, we find that his assignment of error does not relate to any error that occurred when he was resentenced pursuant to this Court's remand. App. R. 4(A) provides that "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed . . ." In the present case, Logsdon filed a proper appeal of his conviction on July 28, 2005, which this Court decided in State v. Logsdon, 3rd Dist. No. 13-05-29, 2007-Ohio-6715. Moreover, one of the assignments of error addressed in his direct appeal alleged that "the trial court erred to the prejudice of [Logsdon] in granting the State's motion in limine by not allowing evidence of [the victim's] intoxication after 2:44 P.M. on January 26, 2005." Logsdon, 2007-Ohio-6715, at ¶ 5. *Page 6 
 {¶ 9} Although Logsdon's current assignment of error purports to reframe the issue in terms of ineffective assistance of counsel, the substance of the alleged error is identical to the prior appeal and consequently could have been raised either in the prior appeal or via a post conviction proceeding — neither of which renders the issue relevant to the current sentencing appeal. Accordingly, Logsdon's assignment of error is barred by the doctrine of res judicata, as it should have been raised in his direct appeal to this Court.
 {¶ 10} Therefore, Logsdon's first assignment of error is overruled. Accordingly, the February 20, 2008 Judgment Entry of Sentence of the Court of Common Pleas of Seneca County, Ohio is affirmed.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur. *Page 1