OPINION
{¶ 1} Appellant, Daniel J. Amato, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied Amato's motion for a new trial.
 {¶ 2} In 1995, Amato was indicted on several counts of rape and corruption of a minor for incidents regarding sexual conduct with an underage female. Amato pled not guilty to the charges, and a jury trial was held. On January 18, 1996, the trial court issued a judgment entry, wherein the court noted that the jury returned guilty verdicts on several of the counts against Amato.
 {¶ 3} On January 26, 1996, Amato filed a motion for a new trial. In his motion, he claimed he was entitled to a new trial because (1) a Batson violation,[1] (2) that the rape shield law was unconstitutionally applied, (3) insufficient evidence, and (4) surprise. On February 15, 1996, the trial court overruled this motion.
 {¶ 4} On February 21, 1996, the trial court issued its judgment entry of sentence. The trial court sentenced Amato to a life term on count one, a rape that occurred when the victim was twelve years old. The trial court also imposed nine indefinite prison terms of ten to twenty-five years for the remaining rape convictions, to be served consecutively to each other and the life term.
 {¶ 5} On March 4, 1996, Amato filed a second motion for a new trial, wherein he argued that his right to be tried by a fair and impartial jury was violated. Attached to the motion was an affidavit from William Guarino. In the affidavit, Guarino stated that one of the jurors who decided Amato's case, Richard Friedsmann, knew Amato and disliked him. On March 14, 1996, the trial court denied Amato's motion for a new trial.
 {¶ 6} On March 19, 1996, Amato file a notice of appeal to this court, which was his direct appeal of his convictions and sentence. On appeal, this court affirmed Amato's convictions and sentence.[2]
 {¶ 7} On December 3, 2004, Amato filed another motion for a new trial. In support of the motion, Amato attached a new affidavit from Guarino. In the affidavit, Guarino stated that he was in Florida during Amato's trial. He also stated that Friedsmann knew Amato and had reason to find him guilty. On February, 28, 2005, the trial court denied Amato's December 2004 motion for a new trial on the grounds of res judicata, because the subject matter of the December 2004 motion was the same as that of the March 1996 motion for a new trial.
 {¶ 8} Amato has timely appealed the trial court's February 28, 2005 judgment entry to this court. Amato raises the following assignments of error:
 {¶ 9} "[1.] The trial court erred in denying appellant-defendant's motion for a new trial without an evidentiary hearing.
 {¶ 10} "[2.] The trial court erred when it denied appellant-defendant's motion for a new trial."
 {¶ 11} The trial court correctly determined that Amato's claim is barred by the doctrine of res judicata. The Supreme Court of Ohio has held:
 {¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."[3]
 {¶ 13} The subject matter of Amato's December 2004 motion for a new trial was already considered by the trial court when it denied his March 1996 motion for a new trial. Both motions assert Amato was denied his right to a fair and impartial jury.
 {¶ 14} More importantly, both motions allege the same juror was biased. Both motions for a new trial were solely supported by affidavits from Guarino. While the 2004 affidavit was longer and considerably more detailed than the 1996 affidavit, they both contain the same relevant facts. In both affidavits, Guarino states that he knows one of the jurors who served in Amato's case, Richard Friedsmann. In both affidavits, Guarino states Friedsmann knows Amato and dislikes him. In both affidavits, Guarino states Friedsmann's dislike for Amato stems, in part, from the fact that Amato testified against Jeff Nicely, which resulted in Nicely being sent to prison. Finally, in both affidavits, Guarino states that he knew Friedsmann as "Zak." The only substantive difference in the two affidavits is that, in the 2004 affidavit, Guarino states that he was in Florida for a few years, which covered the time period of Amato's trial.
 {¶ 15} The subject matter of Amato's motion for a new trial was previously raised before the trial court. In 1996, the trial court denied an identical motion. Amato did not appeal that judgment entry. Similarly, Amato did not raise the issue of the denial of his motion for a new trial in his direct appeal to this court.[4] Therefore, res judicata bars Amato from reraising this claimed error, and the trial court did not err by denying Amato's motion for a new trial without a hearing.
 {¶ 16} In addition to being barred by the doctrine of res judicata, Amato's motion was untimely. Crim.R. 33 provides, in part:
 {¶ 17} "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 {¶ 18} "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 19} In his December 2004 motion for a new trial, Amato argued that he was unavoidably prevented from the discovery of the information in support of his claim because "Guarino lived outside of the state of Ohio and only recently returned." Amato's assertion is completely contradicted by his March 1996 motion for a new trial, which is accompanied by an affidavit from Guarino setting forth the same evidence Amato now claims he was unavoidably prevented from discovering. Over eight years passed since Amato's first motion was filed, rendering his 2004 motion well outside the time constraints of Crim.R. 33.
 {¶ 20} Amato's assignments of error are without merit.
 {¶ 21} The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur.
[1] See Batson v. Kentucky (1986), 476 U.S. 79.
[2] State v. Amato (Sept. 26, 1997), 11th Dist. No. 96-L-045, 1997 Ohio App. LEXIS 4362.
[3] State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, following State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
[4] See State v. Amato, supra.