DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant Winfred Stelzer appeals the decision of the Summit County Court of Common Pleas finding him guilty of one count of grand theft by deception in violation of R.C. 2913.02(A)(2) and (A)(3), a felony of the fourth degree, and one count of failure to appear for trial in violation of R.C. 2937.29, a felony of the fourth degree. We affirm.
 {¶ 2} On November 2, 2005, an indictment was filed against Defendant for grand theft arising from a purported real estate transaction in which he was involved. A pretrial was set for November 10, 2005, but was continued to November 23, 2005. On that date, the court set the final pretrial for January 6, 2006, and the trial for January 9, 2006. Defendant failed to appear for the January 6 final pretrial and a capias was issued for his arrest. On January 9, 2006, Defendant appeared for trial. The trial was continued, and was eventually held on March 13, 2006. The charges of grand theft by deception and failure to appear were argued to a jury. Defendant was convicted on both counts on March 14, 2006.
 {¶ 3} Defendant now appeals his conviction, and raises one assignment of error:
 ASSIGNMENT OF ERROR "The trial court committed reversible error when it denied [Defendant's] motion for judgment of acquittal under Criminal Rule 29."
 {¶ 4} Defendant attempts to argue that the trial court erred in not granting his Crim. R. 29 motion, which he properly raised at the end of the State's case-in-chief and renewed at the close of his own case. He claims in his issues presented for review that the evidence was insufficient to support the jury's guilty verdict, and that his conviction was against the manifest weight of the evidence.
 {¶ 5} However, we find that we cannot reach the merits of Defendant's claims because the argument he presented to the court in his brief is insubstantial. Defendant carefully laid out the standard of review for both sufficiency of the evidence and manifest weight, but he failed to cite any authority in his argument that would support his contentions, which is required under App. R. 16(A)(7):
 {¶ 6} "The appellant shall include in its brief * * *
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
Moreover, his brief in no way comports with local rules. Loc. R. 7(B)(7) requires that an appellant's brief include the following:
 "Argument and law. The argument shall contain the contentions of the appellant with respect to the assignments of error and the supporting reasons with citations to the authorities and statutes on which the appellant relies." (Emphasis added.)
 {¶ 7} This court has previously held that a defendant has the burden of affirmatively demonstrating the error of the trial court on appeal.State v. Cook, 9th Dist. No. 20675, 2002-Ohio-2646, at ¶ 27. "Moreover, `[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" Id., quoting Cardone v.Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. See, also,State v. Patton, 9th Dist. No. 02CA0113-M, 2003-Ohio-4030, at ¶ 15;State ex rel. Rothal v. Smith, 9th Dist. Nos. 20938 and 20950, 2002-Ohio-7328, at ¶ 90; State v. McAdory, 9th Dist. No. 21454,2004-Ohio-1234, at ¶ 32; State v. Baker, 9th Dist. No. 21414, 2003-Ohio-4637, at ¶ 15; State v. Stuck, 9th Dist. No. 02CA0071-M, 2003-Ohio-1596, at ¶ 8.
 {¶ 8} In this case, Defendant's argument following his recitation of the standard of review consists of three sentences. The first claims that the jury's verdict was not supported by sufficient evidence and was against the manifest weight. The second and third assert that the evidence showed that Defendant did not intentionally deprive the victim of funds, and that Defendant had made three payments to the victim before losing his job. At no time does Defendant cite to the record to support these assertions, nor does he cite to any authority that would entitle him to relief. Defendant's assertions alone in no way constitute an argument as required by Loc. R. 7(B)(7).
 {¶ 9} This court has previously held that we "may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based." State v. Franklin, 9th Dist. No. 22771, 2006-Ohio-4569, at ¶ 19. See, also, App. R. 12(A)(2). We so find in this case.
 {¶ 10} Due to Defendant's failure to present an argument that conforms with Loc. R. 7(B)(7), we affirm the decision of the lower court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
WHITMORE, J. CONCURS
CARR, J.
CONCURS IN JUDGMENT ONLY, SAYING:
 {¶ 11} Although I concur in overruling appellant's assignments of error, I would do so on the merits and affirm.