OPINION *Page 2 
{¶ 1} Defendant-Appellant, Timothy J. Moore, appeals the judgment of the Allen County Court of Common Pleas denying his motion for leave to file a motion for a new trial. On appeal, Moore contends that the trial court erred in denying his motion for leave to file a motion for a new trial; in denying his motion for an order to examine seized computers and media; in declining to recuse itself prior to ruling on his motion for leave to file a motion for a new trial; and, in declining to grant his motion for a change of venue. Based upon the following, we affirm the judgment of the trial court.
 {¶ 2} In September 2006, Moore was convicted of one count of murder in violation of R.C. 2903.02(A), a felony of the first degree, and sentenced to a mandatory fifteen years to life prison term. The conviction stemmed from an incident during which Moore stabbed his wife, Terri, through the heart with a kitchen knife following an argument. Moore's defense at trial was that Terri attacked him with the knife and they struggled, culminating in Terri's accidental stabbing.
 {¶ 3} In October 2006, Moore appealed his conviction and sentence. Additionally, Moore moved for a new trial on the basis that an explosive device had been discovered at his ex-wife's home during the trial, which resulted in a *Page 3 
search of all vehicles in the vicinity of the courthouse. Moore alleged that these events made the court proceedings unusual and intimidated the witnesses and jurors involved in the case. The trial court denied Moore's motion for a new trial on the basis that the jurors were questioned on the incident, and each indicated on the record that they were unaffected by the events occurring outside of the courtroom. Thereafter, Moore also appealed the trial court's denial of his motion for a new trial.
 {¶ 4} In July 2007, this court affirmed Moore's conviction and sentence and the trial court's denial of his motion for a new trial inState v. Moore, 3d Dist. Nos. 1-06-89, 1-06-96, 2007-Ohio-3600.
 {¶ 5} On December 3, 2007, Moore filed a second motion for a new trial on the basis that his counsel was ineffective for failing to disclose that his hearing was impaired; failing to disclose that he had previously been found ineffective in another case; failing to examine Terri's computers for relevant evidence; failing to properly prepare a forensic pathologist expert witness; failing to object to argumentative questions at trial; assigning the bulk of the case to his non-lawyer law clerk; failing to investigate potentially exculpatory evidence, including blood evidence in the home and Terri's medical records reflecting her alleged psychiatric problems; ignoring evidence related to the credibility of Terri's twelve year-old daughter's testimony; failing to have an expert photograph Moore's alleged *Page 4 
defensive wounds; and, failing to obtain independent fingerprint testing of the murder weapon. Additionally, on December 3, 2007, Moore moved the trial court for a change of venue and moved the trial judge to recuse himself from hearing his motion for a new trial. Thereafter, the trial court overruled Moore's motion for a new trial, finding that he both failed to seek leave of court to file the motion and that he had provided no facts demonstrating that he was unavoidably prevented from discovering the evidence at issue within the time limits required by Crim. R. 33. Additionally, the trial court overruled Moore's motions for change of venue and recusal. Moore did not appeal the trial court's decision within thirty days.
 {¶ 6} On February 21, 2008, Moore filed a motion requesting an order for computer forensics analysis, which the trial court denied on the basis that discovery is not available in the initial stages of a postconviction proceeding. Again, Moore did not appeal the trial court's decision within thirty days.
 {¶ 7} In March 2008, Moore filed a motion for leave to file a third motion for a new trial. Moore again cited as a basis for the motion, the ineffectiveness of trial counsel, specifically, that trial counsel failed to investigate blood evidence at the crime scene; Terri's psychiatric records; Terri's computers; and, the accuracy of Terri's twelve-year old daughter's testimony. Further, Moore argued that counsel was ineffective because he failed to disclose that his hearing was impaired; because he had been found ineffective in another case prior to Moore's *Page 5 
trial; because his non-attorney law clerk prepared many motions that he failed to file; because he did not adequately prepare the forensic pathologist expert witness; and, because he failed to inform his co-counsel of the existence of Terri's computers and psychiatric records. In support of his motion, Moore attached an affidavit of trial counsel's co-counsel on appeal, stating that she did the entirety of work on Moore's appeal; that trial counsel performed only a cursory review of the final draft of the appellate brief; that she orally argued the appeal; that she is aware that trial counsel may have had a serious hearing problem; that trial counsel did not inform her prior to her filing of the appellate brief about the existence of Terri's computers, which had not been examined for potentially exculpatory evidence, that Terri had previously sought psychiatric treatment, that trial counsel spent only ninety minutes preparing Moore's forensic pathologist expert witness, or that there was blood evidence at the scene of the incident that was not tested and was later removed by cleaning. Additionally, Moore attached his own affidavit stating that he did not become aware until after the appellate decision was filed that a "long list of work was not performed by [trial counsel] in preparing for and conducting his defense at trial"; that trial counsel had not performed any work on his appeal, but had delegated all work to co-counsel; that trial counsel did not inform him of his lack of preparation for trial or failure to investigate evidence, including blood stains at the scene, Terri's psychiatric treatment, Terri's *Page 6 
computers, and the accuracy of Terri's twelve year-old daughter's testimony; that trial counsel did not inform him that he suffers from a severe hearing impairment; that trial counsel did not inform him that his non-attorney law clerk prepared several of the critical motions in the case; that trial counsel only spent ninety minutes to prepare the forensic pathologist expert witness; and, that trial counsel failed to provide to his appellate co-counsel information concerning Terri's computers and alleged psychiatric problems. In conclusion, Moore asserted that he was unable to learn of trial counsel's ineffectiveness until after his appeal was concluded.
 {¶ 8} In April 2008, the trial court overruled Moore's motion for leave to file a third motion for a new trial, finding that it was untimely; that Moore had not demonstrated that the evidence submitted in support of the motion established that counsel's performance prejudiced him; and, that Moore failed to demonstrate that he was unavoidably prevented from filing a timely motion for a new trial and raising the claims asserted.
 {¶ 9} It is from the trial court's denial of his motion for leave to file a third motion for a new trial, the trial court's denial of his motion for an order to examine Terri's computers, and the trial court's denial of his motions for change of venue and recusal that Moore appeals, asserting the following assignments of error for our review. *Page 7 
 Assignment of Error No. I THE TRIAL COURT ERRED DENYING MOORE'S MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL.
 Assignment of Error No. II THE TRIAL COURT ERRED DENYING MOORE'S MOTION FOR AN ORDER TO EXAMINE THE SEIZED COMPUTERS AND MEDIA IN THIS MATTER.
 Assignment of Error No. III THE TRIAL COURT ERRED IN DECLINING TO RECUSE ITSELF PRIOR TO RULING ON THE MOTION FOR LEAVE TO FILE A MOTION FOR NEW TRIAL.
 Assignment of Error No. IV THE TRIAL COURT ERRED IN DECLINING TO GRANT MOORE'S MOTION FOR A CHANGE OF VENUE.
 {¶ 10} Due to the nature of Moore's arguments, we elect to address his third and fourth assignments of error together.
 Assignment of Error No. I {¶ 11} In his first assignment of error, Moore contends that the trial court erred in denying his motion for leave to file a third motion for a new trial. Specifically, Moore argues that his trial counsel was ineffective and that he was unavoidably prevented from discovering that trial counsel was ineffective. We disagree. *Page 8 
 {¶ 12} Motions for a new trial are governed by Crim. R. 33, and are addressed to the sound discretion of the trial court. Thus, a trial court's decision to deny such a motion will not be disturbed on appeal absent an abuse of discretion. State v. Ray, 3d Dist. No. 14-05-39,2006-Ohio-5640, ¶ 53, citing State v. Farley, 10th Dist. No. 03AP-555,2004-Ohio-1781, ¶¶ 6-7. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Crim. R. 33(A) provides that:
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 * * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
 {¶ 14} Additionally, Crim. R. 33(B) sets forth timing requirements for new trial motions and provides that:
 Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed *Page 9 within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
 {¶ 15} Accordingly, a party may not seek a new trial on the basis of newly discovered evidence after the one hundred and twenty day time limit, unless he can demonstrate that he was unavoidably prevented from discovering the new evidence within the time limit. App. R. 33(B). "A party is `unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence." State v. Lee, 10th Dist. No. 05AP-229, 2005-Ohio-6374, ¶ 8.
 {¶ 16} In order to be able to file a motion for a new trial based on newly discovered evidence beyond the one hundred and twenty days prescribed in the *Page 10 
above rule, a petitioner must first file a motion for leave, showing by "`clear and convincing proof that he has been unavoidably prevented from filing a motion in a timely fashion.'" State v. Graham, 3d Dist. No. 5-05-13, 2006-Ohio-352, ¶ 10, quoting State v. Neace, 3d Dist. No. 10-99-07, 2000-Ohio-1649. The standard of "clear and convincing evidence" utilized in Crim. R. 33(B) means "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 17} Here, Moore filed his motion for leave to file a third motion for a new trial on the basis that he was unavoidably prevented from discovering the evidence at issue. Moore's motion again focused on the ineffectiveness of his trial counsel, specifically, that trial counsel failed to investigate blood evidence at the crime scene, Terri's psychiatric records, Terri's computers, and the accuracy of Terri's twelve-year old daughter's testimony. Further, Moore argued that counsel was ineffective because he failed to disclose that his hearing was impaired; because he had been found ineffective in a prior case; because his non-attorney law clerk prepared many motions that he failed to file; and, because he did not adequately prepare the forensic pathologist expert witness. However, in his *Page 11 
December 3, 2007 second motion for a new trial on the basis of ineffective assistance of counsel, Moore already asserted each of these allegations. As Moore possessed enough information about these issues to assert them in his December 3, 2007 second motion for a new trial, he has not demonstrated that he lacked knowledge of the grounds supporting the motion and could not have learned of that existence prior to the filing of his March 31, 2008 motion for leave to file a third motion for a new trial.
 {¶ 18} Moreover, as Moore's March 31, 2008 motion raised arguments that were already raised in his December 3, 2007 motion, the arguments were also barred by res judicata. See State v. Russell, 10th Dist. No. 06AP-498, 2006-Ohio-6221, ¶ 12; State v. Amato, 11th Dist. No. 2005-L-054, 2006-Ohio-1789, ¶¶ 7-15.
 {¶ 19} Consequently, the trial court did not abuse its discretion in overruling his March 2008 motion.
 {¶ 20} Accordingly, we overrule Moore's first assignment of error.
 Assignment of Error No. II {¶ 21} In his second assignment of error, Moore contends that the trial court erred in denying his motion to pay for experts to analyze Terri's computers. Specifically, Moore argues that the State should have analyzed the computers because Terri often communicated messages using the computers. *Page 12 
 {¶ 22} App. R. 3(A) provides that "an appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App. R. 4(A) provides that "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed * * * ".
 {¶ 23} Here, the record reflects that Moore's motion for an order to examine Terri's computers was overruled by the trial court on February 27, 2008. No notice of appeal from this decision appears in the record and the time for appeal has long passed under App. R. 4(A).
 {¶ 24} Accordingly, we overrule Moore's second assignment of error.
 Assignments of Error Nos. III IV {¶ 25} In his third assignment of error, Moore contends that the trial judge erred in declining to recuse himself prior to ruling on his second motion for a new trial. Specifically, Moore argues that he informed the trial judge that he would be a witness at the motion for a new trial hearing, as one of the issues relating to the motion concerned trial counsel's ineffectiveness due to his inability to hear the proceedings at trial. In his fourth assignment of error, Moore contends that the trial court erred in declining to grant his motion for a change of venue. Specifically, Moore argues that he could not receive a fair and impartial hearing on the motion for a new trial in the current jurisdiction because the motion asserted *Page 13 
ineffective assistance of counsel and trial counsel had a longstanding reputation in, and "aged ties" to, the jurisdiction.
 {¶ 26} Here, the record reflects that Moore's motion requesting the trial judge to recuse himself was overruled by the trial court on December 28, 2007, and that Moore's motion for a change of venue was also overruled by the trial court on December 28, 2007. Both motions were filed in conjunction with Moore's December 3, 2007 second motion for a new trial, which the trial court overruled, and from which Moore did not timely appeal pursuant to App. R. 4(A). Because Moore's argument pertaining to his motion for change of venue could have been raised on direct appeal from the trial court's denial of his second motion for a new trial, it is now barred by res judicata. Finally, even had Moore timely appealed the denial of his second motion for a new trial, this Court is without authority to review the denial of his motion for recusal as such matters lie exclusively within the jurisdiction of the Chief Justice of the Supreme Court of Ohio. See Beer v. Griffith (1978),54 Ohio St.2d 440, 441-42.
 {¶ 27} Accordingly, we overrule Moore's third and fourth assignments of error. *Page 14 
 {¶ 28} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1