OPINION *Page 2 
{¶ 1} Appellant Samuel Jack Kinsey appeals his conviction, in the Court of Common Pleas, Knox County, for sexual battery and voyeurism. The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} On September 11, 2007, appellant was indicted by the Knox County Grand Jury on two counts of sexual battery (R.C. 2907.03(A)(2)), two counts of misdemeanor sexual imposition (R.C. 2907.06(A)(3)), and one count of misdemeanor voyeurism (R.C. 2907.08(E)). On January 14, 2008, the court granted the State's motion to amend counts one and three to charges under R.C. 2907.03(A)(3).
 {¶ 3} The matter proceeded to a trial on March 12, 2008. The jury found appellant guilty on two counts of sexual battery (R.C. 2907.03(A)(3)) and one count of misdemeanor voyeurism (R.C. 2907.08(E)). Appellant was thereafter sentenced to five years on each sexual battery count, to be served consecutively, and six months on the voyeurism count, to be served concurrently with count one. Appellant was also found to be a Tier III sex offender.
 {¶ 4} On April 9, 2008, appellant filed a notice of appeal. He herein raises the following three Assignments of Error:
 {¶ 5} "I. THE DEFENDANT'S CONVICTIONS ON COUNT ONE, COUNT THREE, AND COUNT FIVE OF THE INDICTMENT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} "II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ENTERED GUILTY VERIDCTS ON COUNT ONE, COUNT THREE, AND COUNT FIVE *Page 3 
OF THE INDICTMENT WHEN THE EVIDENCE PRESENTED BY THE STATE OF OHIO WAS INSUFFICIENT TO SUPPORT A CRIMINAL CONVICTION.
 {¶ 7} "III. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCES ON COUNT ONE AND COUNT THREE OF THE INDICTMENT AND IN IMPOSING CONSECUTIVE SENTENCES."
 I. {¶ 8} In his First Assignment of Error, appellant contends his sexual battery and voyeurism convictions were against the manifest weight of the evidence. We disagree.
 {¶ 9} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175, 485 N.E.2d 717.
 {¶ 10} We initially note that an appellant's brief is to present "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," as per the requirements set forth in App. R. 16(A)(7). An appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party *Page 4 
presenting that assignment. State v. Watson (1998), 126 Ohio App.3d 316,321. An appellate court "is not obliged to search the record for some evidence of claimed error. * * * Rather, an appellant must tell the appellate court specifically where the trial court's alleged errors may be located in the transcript." Graham v. City of Findlay PoliceDept. (Mar. 19, 2002), Hancock App. No. 5-01-32. However, in the interest of justice in the case sub judice, we will review appellant's "manifest weight" claim.
 {¶ 11} The record reveals the charges against appellant involved two teenage female victims, A.D. and N.S. The mother of N.S. recounted that N.S. invited the other girl to her house on June 23, 2007 to stay overnight. Tr. at 194. However, the two girls ended up staying at appellant's residence. According to the testimony of A.D., the two girls initially planned on tent-camping overnight at appellant's property, but came in to sleep in the living room because of the chilly air. Tr. at 228-229. A.D. then recalled waking up to a flash from appellant's cell phone camera; she awoke again later, at which time appellant had placed his finger in her vagina. Tr. at 233-235. N.S. also testified to awaking to appellant rubbing her vaginal area with his hand, under her clothes. Tr. at 267-270. The record further reveals testimony from the sheriff deputies who investigated the incidents, the social workers who assisted the girls and their families following the reports, and the examining physician. Furthermore, a BCI investigator played back the photographic images of female crotch areas found on appellant's cell phone to the jury. Tr. at 143, et seq.
 {¶ 12} Upon review of the record in this case as summarized above, we find the jury did not clearly lose its way and create a manifest miscarriage of justice requiring that appellant's conviction be reversed and a new trial ordered. *Page 5 
 {¶ 13} Appellant's First Assignment of Error is overruled.
 II. {¶ 14} In his Second Assignment of Error, appellant contends his sexual battery and voyeurism convictions were not supported by sufficient evidence. We disagree.
 {¶ 15} In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 16} We again note, in reference to App. R. 16(A)(7), that some Ohio appellate courts have declined to review assigned errors concerning sufficiency of the evidence where appellants have to failed to cite to the record to support their assertions or present legal authority that would entitle relief. See, e.g., State v. Stelzer, Summit App. No. 23174,2006-Ohio-6912, ¶ 9; State v. Mobus, Butler App. No. CA2005-01-004,2005-Ohio-6164, ¶ 47.
 {¶ 17} In the interest of justice in the case sub judice, we will review appellant's sufficiency claim. The pertinent statutes are as follows.
 {¶ 18} R.C. 2907.03(A)(3) states: "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * the offender knows that the other person submits because the other person is unaware that the act is being committed."
 {¶ 19} R.C. 2907.08(E) states: "No person shall secretly or surreptitiously videotape, film, photograph, or otherwise record another person under or through the *Page 6 
clothing being worn by that other person for the purpose of viewing the body of, or the undergarments worn by, that other person."
 {¶ 20} Upon reviewing the evidence in the record before us in the light most favorable to the prosecution, we hold reasonable triers of fact could have found the essential elements of sexual battery and voyeurism, proven beyond a reasonable doubt.
 {¶ 21} Appellant's Second Assignment of Error is overruled.
 III. {¶ 22} In his Third Assignment of Error, appellant contends the trial court erred in imposing maximum, consecutive sentences on his sexual battery convictions. We disagree.
 {¶ 23} Subsequent to the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, judicial fact finding is no longer required before a court imposes non-minimum, maximum or consecutive prison terms. See State v. Barrett, Ashland App. No. 07COA014, 2008-Ohio-191, ¶ 6. Because Foster "vest[ed] sentencing judges with full discretion" in sentencing (Foster at ¶ 100), we review felony sentences under an abuse of discretion standard.State v. Coleman, Lorain App. No. 06CA008877, 2006-Ohio-6329, ¶ 11. An abuse of discretion implies the court's attitude is "unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,404 N.E.2d 144.
 {¶ 24} Here, the trial court's sentences of five years on each of the two sexual battery charges (felonies of the third degree) are within the statutory sentencing ranges under R.C. 2929.14, and as such, are proper. Further, upon review, we find the trial court's sentencing is not unreasonable, arbitrary or unconscionable. *Page 7 
 {¶ 25} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Knox County, Ohio, is hereby affirmed.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1