[Cite as *State v. Ray*, 2020-Ohio-5465.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 3-20-05

     v.

CRISTINA M. RAY,                   O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Crawford County Common Pleas Court
Trial Court No. 16-CR-0001

Judgment Affirmed

Date of Decision: November 30, 2020

APPEARANCES:

     *Howard A. Elliott* for Appellant

     *Ryan M. Hoovler* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Cristina M. Ray ("Ray"), appeals the February 20, 2020 judgment entry of sentence of the Crawford County Court of Common Pleas reimposing the balance of Ray's original prison sentence following the revocation of her judicial release. We affirm.

{¶2} On January 4, 2016, Ray waived prosecution by indictment, and the State filed a bill of information in the trial court, charging Ray with one count of possession of drugs in violation of R.C.2925.11(A), (C)(1)(a), a fifth-degree felony. (Doc. Nos. 1, 4). That same day, Ray pleaded guilty to the possession-of-drugs charge, the trial court accepted Ray's guilty plea, and found her guilty.[1] (Doc. No. 5). On July 11, 2016, the trial court sentenced Ray, based on the joint-sentencing recommendation of the parties, to five years of community control. (Doc. No. 7). Importantly, Ray did not directly appeal her conviction or sentence.

{¶3} On May 1, 2019, the State filed a motion requesting that the trial court revoke Ray's community control after Ray was "arrested by the Ontario[, Ohio Police Department] for a drug overdose." (Doc. No. 11). The trial court proceeded to a final-revocation hearing on May 15, 2019 during which it concluded that Ray violated the terms and conditions of her community-control sanctions after she "entered an admission to the violations of Community Control as filed in the

---

[1] The trial court filed its judgment entry of guilt on January 6, 2016. (Doc. No. 5).

motion."[2]  (Doc. No. 18).  The trial court revoked Ray's community control and imposed a 12-month prison term.  (Doc. No. 18).  Once again, Ray did not directly appeal her community-control revocation or the trial court's prison-sentence imposition.

{¶4} On May 30, 2019, Ray filed a motion for judicial release in the trial court.  (Doc. No. 21).  On June 19, 2019, the State filed its response to Ray's motion and recommended that Ray be judicially released from prison.  (Doc. No. 22).  Thereafter, on July 11, 2019, the trial court granted Ray's motion for judicial release, suspended the balance of her prison sentence, and released Ray under conditions of judicial release.  (Doc. No. 24).

{¶5} On January 23, 2020, the State filed a motion requesting that the trial court revoke Ray's judicial release.  (Doc. No. 27).  After a probable-cause hearing on January 23, 2020, the trial court proceeded to a final-revocation hearing on February 12, 2020 during which it concluded that Ray violated the conditions of her judicial release after she "entered an admission to the violations."[3]  (Doc. No. 34).  On February 19, 2020, the trial court reimposed the balance of Ray's original prison sentence.[4]  (Doc. No. 36).

---

[2] The trial court filed its judgment entry of revocation on May 17, 2019.  (Doc. No. 18).
[3] The trial court filed its judgment entry of revocation on February 13, 2020.  (Doc. No. 24).
[4] The trial court filed its judgment entry of sentence on February 20, 2020.  (Doc. No. 36).

{¶6} Ray filed her notice of appeal on March 16, 2020. (Doc. No. 40). She raises three assignments of error for our review, which we will review together.

### Assignment of Error No. I

**When a trial court takes a guilty plea to offenses by the Defendant-Appellant, and fails to advise the Defendant-Appellant of any of the matters as set forth in Criminal Rule 11(C)(2)(c), a proper plea of guilty has not taken place, and the Defendant-Appellant may challenge the plea and conviction in an appeal taken after a probation violation, despite the fact no appeal was taken from the original imposition of sentence.**

### Assignment of Error No. II

**When a trial court takes a guilty plea to offenses by the Defendant-Appellant, and fails to advise the Defendant-Appellant of any of the matters as set forth in Criminal Rule 11(C)(2)(b), a proper plea of guilty has not taken place, and the Defendant-Appellant may challenge the plea and conviction in an appeal taken after a probation violation, despite the fact no appeal was taken from the original imposition of sentence.**

### Assignment of Error No. III

**Where the trial court takes a guilty plea to the offense by the Defendant-Appellant and improperly informs the Defendant-Appellant of the penalty for the offense, a proper plea of guilty has not taken place, and the Defendant-Appellant may challenge the plea and conviction in an appeal taken after a probation violation, despite the fact that no appeal was taken from the original imposition of sentence.**

{¶7} In her assignments of error, Ray argues that her guilty plea was not made knowingly, intelligently, and voluntarily. Specifically, Ray argues that her January 4, 2016 guilty plea was not knowing, intelligent, or voluntary because the

trial court did not comply with the notifications required by Crim.R. 11(C)(2). Notwithstanding Ray's failure to file a direct appeal from her conviction and sentence in this case, Ray contends that the defect in her plea colloquy is *not* barred by the doctrine of res judicata. In other words, Ray contends that her original conviction is "void."

{¶8} In response, the State argues, in part, that Ray's argument (that her guilty plea was not knowing, intelligent, or voluntary) is not subject to appellate review under R.C. 2953.08(D)(1) since Ray's sentence was jointly recommended and imposed by the trial court. Nevertheless, and contrary to the State's contention, appellate review of the propriety of a no-contest or guilty plea is *not* precluded by R.C. 2953.08(D)(1). *See State v. Tillman*, 6th Dist. Huron No. H-02-004, 2004-Ohio-1967, ¶ 12 ("Although R.C. 2953.08(D) forecloses review of the actual sentences imposed by the judge pursuant to an agreed sentence upon a plea of guilty, appellate review of the judge's compliance with the dictates of Crim.R. 11(C), which governs the taking of guilty pleas, is still proper."), citing *State v. Sattiewhite*, 8th Dist. Cuyahoga No. 79365, 2002 WL 199900, *2 (Jan. 31, 2002). *See also State v. Spangler*, 4th Dist. Lawrence No. 16CA1, 2016-Ohio-8583, ¶ 14.

{¶9} However, before we may review the merits of Ray's arguments, we must address whether this court has jurisdiction to consider that issue in this appeal. Here, Ray's assignments of error challenge whether her January 4, 2016 guilty plea

was knowing, intelligent, and voluntary. Following her January 4, 2016 guilty plea, the trial court filed its judgment entry of conviction and sentence on July 11, 2016.

{¶10} "App.R. 3(A) provides that 'an appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4.'" *State v. Moore*, 3d Dist. Allen No. 1-08-27, 2008-Ohio-6751, ¶ 22, quoting App.R. 3(A). App.R. 4 provides that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Under App.R. 5(A), "[a]fter the expiration of the thirty day period provided by App. R. 4(A) * * * an appeal may be taken by a defendant with leave of the court" in criminal proceedings. App.R. 5(A)(1)(a). "A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * * ." App.R. 5(A)(2).

{¶11} Importantly, Ray did not directly appeal from her July 11, 2016 judgment entry of conviction and sentence or request a delayed appeal. *Compare State v. Hill*, 3d Dist. Henry No. 7-18-24, 2018-Ohio-4647, ¶ 24 (noting that "[t]he trial court filed its judgment entry of sentence for the prior-community-control violation on November 1, 2017 and Hill did not directly appeal that order as he is required to do under App.R. 4(A), or request a delayed appeal"). *See State v. Seeley*, 3d Dist. Union No. 14-06-38, 2007-Ohio-1538, ¶ 17 ("Any questions concerning

the validity of [a prior] entry or matters pertaining [to that entry] should have been raised by direct appeal."), citing *State v. Crutchfield*, 3d Dist. Paulding Nos. 11-01-09 and 11-01-10, 2002 WL 206008, *2 (Feb. 8, 2002). Accordingly, this court is without jurisdiction to consider the merits of Ray's arguments regarding whether her guilty plea was knowing, intelligent, and voluntary *in this appeal*. *See Hill* at ¶ 24 (concluding that this court was without jurisdiction to determine the merits of Hill's arguments regarding whether he effectively waived his probable-cause hearing or whether his admission to the prior-community-control violation was knowing, intelligent, and voluntary since Hill did not directly appeal the trial court's judgment entry of sentence or request a delayed appeal), citing *Seeley* at ¶ 18, citing App.R. 3, *State v. Pringle*, 3d Dist. Auglaize No. 2-03-12, 2003-Ohio-4235, ¶ 11, and *State v. Gordon*, 5th Dist. Fairfield No. 2-CA-92, 2003-Ohio-1900, ¶ 9.

{¶12} Furthermore, Ray's contention that her conviction is void does not vest this court with jurisdiction to consider her arguments in this appeal. Importantly, Ray not only failed to directly appeal her conviction and sentence, but Ray failed to provide the trial court with an opportunity to address her concerns.

{¶13} Notwithstanding Ray's failure to raise her concerns in the proper manner, the Supreme Court of Ohio recently "realigned [its] jurisprudence with the traditional understanding of void and voidable sentences" to instill clarity on the topic. *State v. Harper*, ___Ohio St.3d ___, 2020-Ohio-2913, ¶ 43. Specifically, the

Supreme Court clarified that a "sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. "And when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *Id.* at ¶ 26. "Generally, a voidable judgment may only be set aside if successfully challenged on direct appeal." *Id.* Voidable judgments are "subject to the doctrine of res judicata." *State v. Hudson*, ___ Ohio St.3d ___, 2020-Ohio-3849, ¶ 2.

{¶14} Under the doctrine of res judicata,

> a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996). *See also Harper* at ¶ 41, 43; *State v. Greene*, 3d Dist. Crawford No. 3-20-06, 2020-Ohio-5133, ¶ 13. The doctrine of res judicata generally bars a defendant from raising claims that his or her guilty plea was not knowing, intelligent, or voluntary. *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59; *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 23.

{¶15} Nevertheless, even though Ray's arguments regarding the validity of her guilty plea are not properly before this court, we still may review the trial court's

decision revoking Ray's judicial release and reimposing the remainder of Ray's original prison sentence since she timely appealed that decision.

*Standard of Review*

{¶16} A trial court's decision to revoke a defendant's judicial release based on a violation of the conditions of his or her judicial release will not be disturbed absent an abuse of discretion. *State v. Arm*, 3d Dist. Union Nos. 14-14-03 and 14-14-04, 2014-Ohio-3771, ¶ 22, citing *State v. Jenkins*, 4th Dist. Scioto No. 10CA3389, 2011-Ohio-6924, ¶ 9. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶17} Ohio's judicial release statute, R.C. 2929.20, provides, in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender, shall place the eligible offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed upon the eligible offender as a result of the violation that is a new offense.

R.C. 2929.20(K).

{¶18} "Accordingly, if a defendant violates the conditions of judicial release, the trial court is limited to reimposing the original term of incarceration with credit for time already served." *State v. Jones*, 3d Dist. Mercer Nos. 10-07-26 and 10-0727, 2008-Ohio-2117, ¶ 15. "The trial court may not alter the defendant's original sentence except to reimpose the sentence consecutively to or concurrently with a new sentence it imposes as a result of the judicial release violation that is a new criminal offense." *Id.*

{¶19} However, even though we *may* review the trial court's decision revoking Ray's judicial release and reimposing the remainder of her original prison sentence, Ray did not separately assign any error challenging the trial court's decision. "[A] defendant has the burden of affirmatively demonstrating the error of the trial court on appeal." *State v. Stelzer*, 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7, citing *State v. Cook*, 9th Dist. Summit No. 20675, 2002-Ohio-2646, ¶ 27. "Moreover, '[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" *Id.*, quoting *Cook* at ¶ 27. "App.R. 12(A)(2) provides that an appellate court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *State v. Jackson*, 10th Dist. Franklin No. 14AP-670, 2015-Ohio-3322, ¶ 11, quoting App.R. 12(A)(2). "Additionally,

App.R. 16(A)(7) requires that an appellant's brief include '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" *Id.*, quoting App.R. 16(A)(7).

{¶20} Because Ray makes no argument in relation to the trial court's revocation of her judicial release and the reimposition of the balance of her original prison sentence, we will not supply one for her. *See State v. Franks*, 9th Dist. Summit No. 28533, 2017-Ohio-7045, ¶ 16 ("Where an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him."), citing *State v. Harmon*, 9th Dist. Summit No. 26426, 2013-Ohio-2319, ¶ 6, citing App.R. 16(A)(7) and *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶21} For these reasons, Ray's assignments of error are overruled.

{¶22} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**