[Cite as *State v. Clegg*, 2014-Ohio-1331.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 13CA0055-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW CLEGG | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 13 CR 0126 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

HENSAL, Judge.

{¶1} Matthew Clegg appeals his sentence for possession of heroin from the Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} In 2013, Mr. Clegg pleaded no contest to possession of heroin, a violation of Revised Code Section 2925.11(A). The trial court found him guilty of the offense. At his sentencing hearing, the court recounted Mr. Clegg's criminal history then gave his lawyer the opportunity to speak. Mr. Clegg's lawyer noted Mr. Clegg's age, the programs he was taking at the jail, his employment, and his willingness "to do whatever it takes to remain on probation." The court asked Mr. Clegg: "Is there anything else you want to tell me?" to which he replied: "No." The court then asked the prosecution if it had anything to add, and sentenced Mr. Clegg to 11 months in jail. Mr. Clegg has appealed his sentence, assigning as error that the trial court denied him the right to allocution.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY NOT SPECIFICALLY INQUIRING AS TO WHETHER THE APPELLANT WANTED TO MAKE A STATEMENT REGARDING HIS POSSIBLE SENTENCE[ ] PRIOR TO THE IMPOSITION OF THE SENTENCE.

{¶3}  Mr. Clegg argues that the trial court did not comply with Criminal Rule 32(A)(1), depriving him of his right to allocution before sentencing.  Rule 32(A)(1) provides that, "[a]t the time of imposing sentence, the court shall * * * [a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." *See also* R.C. 2929.19(A) (providing that at the sentencing hearing, the court shall "ask the offender whether the offender has anything to say * * *.").  The right of allocution is absolute and cannot be forfeited.  *State v. Pendergrass*, 9th Dist. Lorain No. 04CA008437, 2004-Ohio-5688, ¶ 11.

{¶4}  "[A] trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say."  *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 14.  "Judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."  *State v. Green*, 90 Ohio St.3d 352, 359 (2000), quoting *Green v. United States*, 365 U.S. 301, 305 (1961).  This Court has explained, however, that, as long as "[i]t is clear from the record that the trial court was talking to [the defendant] and not his attorney[,]" "nothing in Crim.R. 32 requires the trial court to call a defendant by name."  *State v. Vickers*, 9th Dist. Lorain No. 01CA007928, 2002-Ohio-3628, ¶ 34.

{¶5}    At the sentencing hearing, the trial court chronicled Mr. Clegg's criminal history then gave Mr. Clegg's lawyer the opportunity to speak.  Mr. Clegg's lawyer stated:

> As you pointed out, Mr. Clegg does have an extensive criminal history, both as a juvenile and young adult.  Mr. Clegg is twenty-one years old.  During his time here on this case, he has availed himself of some of the programs available to him at the jail.

At that point, Mr. Clegg's lawyer asked Mr. Clegg which programs he had been pursuing while in the jail.  Mr. Clegg answered "AP, substance abuse."  As the lawyer began to repeat that information to the court, Mr. Clegg interjected:  "But I'm not done with it."  The Court replied: "I understand."  After Mr. Clegg's lawyer continued explaining that "[Mr. Clegg] works as a roofer, he works on his own, and he is willing to do whatever it takes to remain on probation," the Court asked:  "Is there anything else you want to tell me?"  Mr. Clegg answered:  "No."

{¶6}    Although the trial court did not address Mr. Clegg by name and specifically ask him whether "he * * * wishe[d] to make a statement in his * * * own behalf or present any information in mitigation of punishment," it was not required to use the rule's exact language. Crim.R. 32(A)(1); *see Daniels*, 2013-Ohio-358, at ¶ 13-14 (concluding that trial court complied with Crim.R. 32(A)(1) when it asked defendant whether he "would * * * like to make any statement regarding sentencing at this time?"); *State v. Williams*, 9th Dist. Summit No. 26014, 2012-Ohio-5873, ¶ 14 (concluding trial court complied with Crim.R. 32(A)(1) when it asked Defendant whether there was "anything you want to say to the Court?").  The record indicates that Mr. Clegg participated in his lawyer's presentation of mitigating circumstances and that he understood the court was speaking to him when it asked whether there was "anything else you want to tell me?"  Accordingly, because the court issued a personal invitation to Mr. Clegg to speak before it imposed sentence, we conclude that it complied with Criminal Rule 32(A)(1). Mr. Clegg's assignment of error is overruled.

4

III.

**{¶7}** The trial court complied with Criminal Rule 32(A)(1) when it sentenced Mr. Clegg. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

CONRAD G. OLSON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and LAUREN M. HASE, Assistant Prosecuting Attorney, for Appellee.