[Cite as *State v. Rutherford*, 2015-Ohio-5259.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102775**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DOMINIC RUTHERFORD

DEFENDANT-APPELLANT

**JUDGMENT:**
SENTENCE VACATED; REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-589671-B

**BEFORE:** McCormack, J., Keough, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 17, 2015

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Lon'Cherie' D. Billingsley
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Dominic Rutherford ("Rutherford"), appeals from his sentence for robbery and theft. For his convictions of these offenses, the trial court sentenced him to one year in jail and two years of community control sanctions. The trial court's imposition of a jail term in excess of six months exceeds its sentencing authority. Therefore, we vacate Rutherford's sentence and remand the matter for resentencing.

**{¶2}** On appeal, Rutherford raises three assignments of error. They state:

I.     The trial court acted contrary to law in imposing a community control sanction of confinement to county jail that exceeded the statutory maximum.

II.    The trial court acted contrary to law in imposing a concurrent term and then running the sentence consecutive. Doing so without making particularized findings.

III.   The trial court committed plain error in failing to merge allied offenses of similar import.

**{¶3}** Rutherford and his codefendant, Ezekiel Abernathy ("Abernathy"), were involved in two separate incidents where one approached the victim with a fake gun and the other took the victim's cell phone. They were indicted in a joint, ten-count indictment. Both pleaded guilty to two counts of robbery (Counts 2 and 7), a second-degree felony, and two counts of theft (Counts 5 and 9), a first-degree misdemeanor.

**{¶4}** The trial court decided that because of their age — both were 18 — and their lack of criminal history not to impose a prison term but, instead, imposed (identical) community control sanctions, which included a jail term, on the two defendants.

**{¶5}** The trial court is permitted to impose community control sanctions for a felony instead of prison pursuant to R.C. 2929.15. That statute authorizes the trial court to impose a sentence for a felony consisting of "one or more community control sanctions." Community control sanctions can be "community residential sanctions" prescribed by R.C. 2929.16 ("Residential sanctions"), "nonresidential sanctions" prescribed by R.C. 2929.17 ("Nonresidential sanctions"), or financial sanctions prescribed by R.C. 2929.18 ("Financial sanctions; restitution; reimbursements").[1]

**{¶6}** It appears that the trial court intended to impose a combination of "community residential sanctions" on the defendants pursuant to R.C. 2929.16. That statute states:

(A) Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. * * * Community residential sanctions include, but are not limited to, the

(1)__ A term of up to six months at a community-based correctional facility that serves the county;

(2)__ Except as otherwise provided in division (A)(3) of this section and subject to division (D) of this section, a term of up to six months in a jail;

---

[1]R.C. 2929.15 ("Community control sanctions") states, in pertinent part:

If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code. * * *

* * *

(4)\_\_ A term in a halfway house;

(5)\_\_ A term in an alternative residential facility.

**{¶7}** However, our review of the record shows the trial court's sentence was not clear both at sentencing and in its journal entry — for both defendants. At Rutherford's sentencing, the court stated:

> [F]elonies in the second degree, and I have count two and count seven, dealing with those, those are each of the victims, * * * the presumption is you're going to go to prison for a period of a minimum of two, a maximum of eight years.
>
> The two related crimes that you pled guilty to are petty theft, count five, and the same count nine, each a misdemeanor in the first degree * * *.
>
> * * *
>
> I am going to put you in the county jail under the local incarceration program, which essentially means you can be close to your family while you're confined, for a period of one year.
>
> You have five months of that. 144 days up to today. You'll get credit for that. So you approximately have another seven months in the county jail.
>
> After that, you are going to be on probation for a period of time for two years, and after that I'm sending you to the CBCF [community-based correctional facility]. * * *
>
> The minimum you will stay there is a minimum of three months and the maximum you'll stay there is six months, and it depends on how you progress through the program.

**{¶8}** The court's oral pronouncement did not explicitly delineate what Rutherford received for the felony counts and for the misdemeanor counts. The sentencing entry also did not clearly delineate his punishment. It stated:

> It is now ordered and adjudged that said defendant Dominic Rutherford, is sentenced to the Cuyahoga County jail for a term of 1 year(s). Count 2 and 7 concurrent — 1 year in jail with 144 days of jail time credit, leaving 221 days remaining. After serving defendant's remaining days in jail, defendant will be transferred to CBCF. The court determines that the defendant qualifies for Cuyahoga County's local residential sanction program pursuant to R.C. 2929.16(A)(2). As to counts 5 and 9 concurrent — 2 years CCS [community control sanctions], starting upon arrival at CBCF [community-based correctional facility].

**{¶9}** Rutherford and the state understand the sentence differently. Rutherford interprets his sentence to be (1) one year in jail for each felony count (running concurrently), and (2) two years of community control sanctions for each misdemeanor count (running concurrently), which are to be served consecutively to the one-year jail term. He claims an imposition of community control sanctions on the misdemeanor counts consecutive to his jail term on the felony counts is unlawful because the court did not make findings for consecutive sentences.

**{¶10}** The state, on the other hand, claims Rutherford misunderstands his own sentence. According to the state, the trial court sentenced him to a one-year jail term *followed by* two years of community control sanctions, *for each of the two felony counts* (running concurrently). The state argues that such a combination for a felony offense would be permitted under R.C. 2929.16.

**{¶11}** Our review of the record indicates that the sentencing in this case was inherently unclear. The only part of the sentence that was clear was the (concurrent) one-year jail term for Rutherford's two felony offenses. The state concedes that the one-year jail term exceeds the trial court's authority under R.C. 2929.16(A)(2). Under R.C. 2929.16(A)(2), the trial court could only impose "a term of up to six months in a jail" when imposing a sentence under R.C. 2929.16. *State v. Bedell*, 11th Dist. Portage No. 2008-P-0044, 2009-Ohio-6031, ¶ 13 (R.C. 2929.16(A)(2) authorizes a felony offender who is eligible for a community control sanction to be incarcerated for a jail term of up to six months.); *State v. Fuller*, 3d Dist. Henry No. 7-13-06, 2013-Ohio-5661, ¶ 14. Rutherford's one-year jail term was contrary to law.

**{¶12}** Therefore, as this court did in codefendant Abernathy's appeal, *State v. Abernathy*, 8th Dist. Cuyahoga No. 102716, 2015-Ohio-4769, we similarly vacate Rutherford's sentence and remand the matter for resentencing. The first assignment of error is sustained. The second and third assignments of error are moot.[2]

**{¶13}** Sentence vacated. Matter remanded for resentencing and further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2]Upon resentencing, the trial court should clearly delineate the punishment imposed for the felony counts and for the misdemeanor counts. If community control sanctions in addition to a jail term are imposed, the trial court should clearly state whether they are part of the punishment for the felony counts.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
SEAN C. GALLAGHER, J., CONCUR