[Cite as *State v. Johnson*, 2017-Ohio-913.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 28268 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHAWN A. JOHNSON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 15 12 3741 |

DECISION AND JOURNAL ENTRY

Dated: March 15, 2017

CALLAHAN, Judge.

{¶1} Defendant-Appellant, Shawn Johnson, appeals from his sentence in the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2} The events giving rise to this case resulted in a grand jury indicting Johnson on one count of aggravated robbery, one count of felonious assault, and two attendant firearm specifications. A trial ensued and, at its conclusion, a jury found Johnson guilty of both counts and both specifications. The court found that his two counts were allied offenses of similar import and, following the State's election, merged his felonious assault count with his aggravated robbery count. The court then sentenced Johnson to a total of nine years in prison.

{¶3} Johnson now appeals and raises three assignments of error for our review. For ease of analysis, we consolidate two of the assignments of error.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FAILING TO PROVIDE THE DEFENDANT WITH HIS RIGHT TO PROPER ALLOCUTION PRIOR TO THE IMPOSITION OF HIS PRISON SENTENCE IN VIOLATION OF R.C. 2929.19(A) AND CRIM.R. 32(A).

**{¶4}** In his first assignment of error, Johnson argues that the trial court erred when it deprived him of his right to allocution. We agree.

**{¶5}** When sentencing an offender, a trial court must "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Crim.R. 32(A)(1). "R.C. 2929.19(A) and Crim.R. 32(A)(1) unambiguously require that an offender be given an opportunity for allocution whenever a trial court imposes a sentence at a sentencing hearing." *State v. Jackson*, Slip Opinion No. 2016-Ohio-8127, ¶ 10, citing *State v. Campbell*, 90 Ohio St.3d 320 (2000), paragraph one of the syllabus. "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Reynolds*, 80 Ohio St.3d 670, 684 (1998).

**{¶6}** "Both the Ohio Supreme Court and this Court have recognized that a trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say." *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 14. "'Judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing.'" *State v. Clegg*, 9th Dist. Medina No. 13CA0055-M, 2014-Ohio-1331 ¶ 4, quoting *State v. Green*, 90 Ohio St.3d 352, 359 (2000). "Trial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution." *Green* at 359.

{¶7}    The court here began Johnson's sentencing hearing by setting forth the information it learned from his pre-sentence investigation report.  The court then began discussing the sentencing factors under R.C. 2929.12.  In doing so, the court stated:

> Less serious factors, there are none.  Recidivism factors, there are two.  One, he was previously adjudicated a delinquent child or had a history of criminal convictions and, two, he shows no remorse * * * for the offense.  Although, the Court would note that * * * [Johnson] is in an awkward position in that he does not want to say anything that could jeopardize his appeal rights or jeopardize a new trial if he were successful on appeal.  Less likely, there are none.

The court and the prosecutor then discussed the merger of Johnson's offenses before the court asked both the prosecutor and defense counsel for a statement.  When defense counsel spoke, he asked the court for a specific sentence term and then stated that he had "also advised [his] client * * * that [the court] would ask him if he had any statement to make, as well, prior to sentencing."  Defense counsel stated that he had "advised [Johnson] to not speak."  The court then indicated that it understood, but did not address Johnson.  Instead, the court discussed the appointment of appellate counsel before issuing Johnson's sentence.  The only time the court personally addressed Johnson was when it asked whether he understood his post-release control rights.

{¶8}    The record reflects that the court never personally addressed Johnson to ask whether he had anything to say in his defense.  The State acknowledges that the court did not do so, but argues that defense counsel invited the error by telling the court that he had advised Johnson not to speak.  According to the State, the court "was entitled to take counsel at his word."

{¶9}    "In a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error."  *Campbell*, 90 Ohio

St.3d 320 at paragraph three of the syllabus. Under the invited error doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *Lester v. Leuck*, 142 Ohio St. 91 (1943), paragraph one of the syllabus. The doctrine requires "more than mere 'acquiescence in the trial judge's erroneous conclusion.'" *Campbell* at 324, quoting *Carrothers v. Hunter*, 23 Ohio St.2d 99, 103 (1970). Defense counsel must have been "'actively responsible' for the trial court's error" in order for the doctrine to apply. *Campbell* at 324, quoting *State v. Kollar*, 93 Ohio St. 89, 91 (1915).

{¶10} The record here does not support the conclusion that defense counsel was "actively responsible" for the trial court's failure to provide Johnson his right of allocution. It was the trial court who first broached the subject of Johnson potentially jeopardizing his appellate rights if he chose to speak. Moreover, while defense counsel indicated that he had advised Johnson not to speak, he also stated that he had told Johnson the court "*would ask him* if he had any statement to make, as well, prior to sentencing." (Emphasis added.) Defense counsel, therefore, conveyed his expectation to both Johnson and the court that the court, before sentencing, would personally address Johnson and ask whether he had a statement to make. Defense counsel never made any statement in which he indicated that it was unnecessary for the court to offer his client allocution. Accordingly, we cannot conclude that defense counsel invited any error with respect to Johnson's right to allocution. *See Lester* at paragraph one of the syllabus.

{¶11} As noted, "[t]rial courts must painstakingly adhere to Crim.R. 32, guaranteeing the right of allocution." *Green*, 90 Ohio St.3d at 359. Because the trial court never personally invited Johnson to speak on his own behalf before sentencing him, we must conclude that it failed to comply with his right to allocution. *See Clegg*, 2014-Ohio-1331 at ¶ 4. This Court

must, therefore, vacate Johnson's sentence and remand this matter for resentencing. *See Campbell* at paragraph three of the syllabus (resentencing required for reversal based on failure to afford allocution). Johnson's first assignment of error is sustained.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED THE DEFENDANT WITHOUT PROPERLY GIVING HIM ALL THE REQUIRED NOTIFICATIONS CONCERNING POST-RELEASE CONTROL.

### ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AT THE SENTENCING HEARING BY FAILING TO COMPLY WITH R.C. 2929.19(B)(2)(F).

{¶12} In his remaining assignments of error, Johnson argues that the trial court erred when it sentenced him in the absence of certain notifications. Because we have already determined that this matter must be remanded for resentencing, Johnson's remaining assignments of error are moot, and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

{¶13} Johnson's first assignment of error is sustained. His remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for resentencing.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO. J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.