[Cite as *State v. Hill*, 2018-Ohio-4647.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO. 7-18-24

      v.

BENJAMIN D. HILL,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 17CR0040

Judgment Affirmed

Date of Decision:    November 19, 2018

APPEARANCES:

    *Alan J. Lehenbauer* for Appellant

    *Gwen Howe-Gebers* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Benjamin D. Hill ("Hill"), appeals the May 2, 2018 judgment entry of the Henry County Court of Common Pleas revoking his community control and imposing an aggregate 36-month prison sentence. We affirm.

{¶2} On March 22, 2017, the Henry County Grand Jury indicted Hill on two counts: Count One of assault in violation of R.C. 2903.13(A)(5), a fourth-degree felony and Count Two of aggravated robbery activity in violation of R.C. 2911.01(B), a first-degree felony. (Doc. No. 1). On March 30, 2017, Hill appeared for arraignment, entered pleas of not guilty by reason of insanity, and requested a competency hearing, which the trial court granted. (Doc. No. 9).

{¶3} On June 1, 2017, after the trial court concluded that Hill was competent to stand trial, Hill withdrew his pleas of not guilty by reason of insanity and entered pleas of guilty to an amended indictment. (Doc. Nos. 14, 15). In exchange for his change of pleas, the State agreed to amend Count Two to attempted robbery in violation of R.C. 2923.03 and 2911.02(A)(3), a fourth-degree felony, and recommend that the trial court sentence Hill to community-control sanctions. (Doc. No. 14). The trial court accepted Hill's guilty pleas, found him guilty on Count One and Count Two, as amended, and ordered a pre-sentence investigation. (Doc. No.

15).  On July 11, 2017, the trial court sentenced Hill to three years of community control.  (Doc. No. 18).

{¶4} On July 12, 2017, the State filed a motion requesting that the trial court revoke Hill's community control after a complaint was filed in the Napoleon Municipal Court alleging that Hill caused or attempted to cause physical harm to a family member.  (Doc. No. 20).  *See also State v. Hill*, 3d Dist. Henry No. 7-17-07, 2018-Ohio-1345, ¶ 2.  At his preliminary-revocation hearing on July 19, 2017, Hill waived his right to a probable-cause hearing on the State's motion.  (Doc. No. 25). (*See also* Doc. No. 30).  Ultimately, after the final-revocation hearing was held on November 1, 2017, the trial court concluded that Hill violated the terms of his community-control sanctions after Hill "admitted to the violations contained in the State's Motion to Revoke Community Control." (Doc. No. 35).  That same day, the trial court ordered Hill to be supervised under the *same terms and conditions of his original community-control sanctions* with an additional sanction that he "have an assessment through Recovery Services and comply with all recommendations of that agency, including any aftercare."  (*Id.*).

{¶5} However, on January 3, 2018 the State filed a second motion requesting that the trial court revoke Hill's community control.  (Doc. No. 38).  After a probable-cause hearing on April 2, 2018, the trial court proceeded to a final-revocation hearing on May 1, 2018 in which the trial court concluded that Hill

violated the terms of his community-control sanctions, revoked Hill's community control, and sentenced Hill to an aggregate 36-month prison term. (Doc. Nos. 46, 47). The trial court filed its judgment entry of sentence on May 2, 2018. (Doc. No. 47).

{¶6} Hill filed his notice of appeal on May 25, 2018. He raises three assignments of error for our review.

### Assignment of Error No. I

**The Trial Court Failed to Comply with R.C. 2929.19(A) and Criminal Rule 32(A)(1) When it Failed to Inform Defendant-Appellant that the Opportunity to Speak was for the Purpose of the Mitigation of his Punishment.**

{¶7} In his first assignment of error, Hill argues that his sentence is contrary to law because the trial court failed to comply with the requirements of R.C. 2929.19(A) and Crim.R. 32(A)(1). In particular, he contends that the trial court failed to "personally address [him] and inform him that he could make a statement in mitigation of punishment." (Appellant's Brief at 7).

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. *See State v. Jung*, 8th Dist. Cuyahoga No. 105928, 2018-Ohio-1514, ¶ 14

(applying the standard of review set forth in R.C. 2953.08(G)(2) to review a sentence imposed after the defendant's community control was revoked). *See also State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 11 (concluding that a community-control-revocation hearing is a sentencing hearing for purposes of R.C. 2929.19(A) and Crim.R. 32(A)(1)). Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶9}** "When sentencing an offender, a trial court must '[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.'" *State v. Johnson*, 9th Dist. Summit No. 28268, 2017-Ohio-913, ¶ 5, quoting Crim.R. 32(A)(1). "'R.C. 2929.19(A) and Crim.R. 32(A)(1) unambiguously require that an offender be given an opportunity for allocution whenever a trial court imposes a sentence at a sentencing hearing.'" *Id.*, quoting *Jackson* at ¶ 10. "'The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment.'" *Id.*, quoting *State v. Reynolds*, 80 Ohio St.3d 670, 684 (1998).

{¶10} A trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say. *See State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 186-188; *Johnson* at ¶ 6, quoting *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 14. A trial court "'"should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing."'" *Johnson* at ¶ 6, quoting *State v. Clegg*, 9th Dist. Medina No. 13CA0055-M, 2014-Ohio-1331 ¶ 4, quoting *State v. Green*, 90 Ohio St.3d 352, 359 (2000). "When inviting a defendant to personally address the court, the exact language employed by the rule is not required; however, the invitation to speak should not be ambiguous." *State v. Masson*, 7th Dist. Mahoning No. 16 MA 0066, 2017-Ohio-7705, ¶ 10, citing *State v. Roach*, 7th Dist. Belmont No. 15 BE 0031, 2016-Ohio-4656, ¶ 11. Absent invited or harmless error, resentencing "is required if an offender is not given an opportunity for allocution at the sentencing hearing following community-control revocation." *Jackson* at ¶ 15.

{¶11} It is undisputed that the trial court permitted Hill the opportunity to speak at the sentencing hearing following his community-control revocation to which Hill declined. (*See* Appellant's Brief at 7). However, Hill contends that the trial court's invitation to speak did not adequately "inform him that he could make a statement in mitigation of punishment." (*Id.*).

**{¶12}** Hill's argument is meritless.  At the sentencing hearing, the trial court personally addressed Hill and Hill's trial counsel and provided each the opportunity to speak.  Hill's trial counsel presented a statement on his behalf.  (*See* May 1, 2018 Tr. at 20-21).  *Compare State v. Horn*, 7th Dist. Belmont No. 04 BE 31, 2005-Ohio-2930, ¶ 30 (concluding that the trial court complied with Crim.R. 32(A)(1) because "Horn and her counsel were addressed personally by the court and given the opportunity to speak," and Horn's counsel presented a statement on her behalf despite Horn's decision not to speak).  Hill informed the trial court that he did not have anything to add to his trial counsel's statement.  *Compare Masson* at ¶ 15.

**{¶13}** Further, our review of the record reveals that, during the final-revocation hearing, Hill testified and explained the circumstances surrounding the State's allegation that he violated the terms of his community control.  *See id.* at ¶ 11.  In particular, the following exchange took place:

[Hill's Trial Counsel]:  And Ben what would you like to see as a result of these probation violations or what do you think the Court should impose sentence wise?

[Hill]:  Sentence wise * * * at this time I've served several, several weeks, from December 23rd until May 1st, today.  I don't know what the guideline or rules are. I don't want to abandon all hope * * * of probation.

I do have a GED and [am] very employable and hard working.

[Hill's Trial Counsel]: And Ben, do you have anything further to tell me or the Court at this point?

[Hill]: Just that, if you would give me the opportunity, if you do wish to impose jail time, I have already served, if the Court would be willing to grant me credit for the 40 days that I was on EMU in June, that would total up to a year that I've served on these sanctions, during the investigation processes that have taken place. I would ask maybe, that, the last appeal that I filed be taken into consideration as well. Just be granted as a first offense and anything that [my probation officer] would be willing to extend to me, would be very much appreciated.

(May 1, 2018 Tr. at 17-18).

{¶14} Accordingly, we conclude that the trial court complied with the requirements of R.C. 2929.19(A) and Crim.R. 32(A)(1). *See State v. Crable*, 7th Dist. Belmont No. 04 BE 17, 2004-Ohio-6812, ¶ 19 (concluding that the trial court adhered to the standard imposed by Crim.R. 32(A)(1) even though "the trial court

did not use the exact words of Crim.R. 32" because the trial court permitted "counsel and Crable the opportunity to make a statement"); *State v. Middleton*, 12th Dist. Preble No. CA2004-01-003, 2005-Ohio-681, ¶ 16 ("Accordingly, it is clear that the common pleas court complied with Crim.R. 32(A)(1), affording both appellant and his attorney the opportunity to address the court at the sentencing hearing."). *See also Masson* at ¶ 13 ("Although the court did not specifically ask Appellant if he wished to present information in mitigation of punishment, the invitation was apparent from the conversation that occurred between the court and Appellant."). Thus, Hill's sentence is not contrary to law.

{¶15} Therefore, Hill's first assignment of error is overruled.

**Assignment of Error No. II**

**The Trial Court Abused its Discretion by Terminating Defendant-Appellant Unsuccessfully from Community Control in that the Trial Court Committed Plain Error When it Failed to Take Notice that Defendant-Appellant's Waiver of Hearing and His Admission in a Prior Revocation Hearing Were Not Made Knowingly, and that Such Error is Reversible to Prevent Manifest Injustice.**

{¶16} In his second assignment of error, Hill argues that the trial court abused its discretion by revoking his community control because "the trial court terminated Hill unsuccessfully from Community Control based in part upon a prior violation of finding that was tainted by a waiver of merit hearing and an admission that were [sic] not knowingly made." (Appellant's Brief at 9). We disagree.

*Standard of Review*

**{¶17}** "A defendant under community control is entitled to both a preliminary and a final revocation hearing." *State v. Knerr*, 3d Dist. Auglaize Nos. 2-14-03 and 2-14-04, 2014-Ohio-3988, ¶ 14, quoting *State v. Kiser*, 5th Dist. Tuscarawas, No.2008 AP 030014, 2009-Ohio-1337, ¶ 12, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756 (1973). The purpose of the preliminary hearing is to determine if probable cause exists that the defendant violated the terms of his probation or community control. *Id.*, citing *State v. Delaney*, 11 Ohio St.3d 231, 233 (1984). "The purpose of the final revocation hearing is to give the defendant 'an opportunity to be heard and to show' that he either did not violate his conditions or that certain mitigating circumstances 'suggest that the violation does not warrant revocation.'" *Id.*, quoting *Morrissey v. Brewer*, 408 U.S. 471, 488, 92 S.Ct. 2593 (1972).

**{¶18}** This Court has held that "[a]lthough a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding." *State v. Ryan*, 3d Dist. Auglaize No. 14-06-55, 2007-Ohio-4743, ¶ 8, citing *Gagnon* at 782. "Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial." *State v. McKeithen*, 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 22. The minimum due-process requirements for revocation hearings are:

(a) Written notice of the claimed violations; (b) disclosure of evidence against him or her; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation.

*Ryan* at ¶ 8, quoting *State v. Miller*, 42 Ohio St.2d 102, 104 (1975), quoting *Morrissey* at 489.

{¶19} Since a community-control-revocation hearing is not a criminal proceeding, "the State is not required to prove a violation of the terms of community control beyond a reasonable doubt." *McKeithen* at ¶ 6, citing *Ryan* at ¶ 7. "The State must, instead, show 'substantial' evidence that the offender violated the terms of his community control sanctions." *Id.*

{¶20} The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion. *Id.* at ¶ 7, citing *Ryan* at ¶ 7. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶21} Hill does not argue that the State did not present substantial evidence at the community-control-revocation hearing that he violated the terms of his

community-control sanctions. Rather, Hill argues that the trial court abused its discretion by revoking his community-control sanctions based on "the violation finding in [Hill's first community-control-revocation] hearing." (Appellant's Brief at 11). He argues that the trial court could not rely on that "violation finding" because he did not properly waive his right to the probable-cause hearing and because his admission was not knowing, voluntary, and intelligent. Hill's argument is misplaced.

{¶22} First, based on our review of the record, the trial court did *not* consider Hill's prior-community-control violation in revoking his community-control sanctions. Indeed, the State's motion requesting that the trial court revoke Hill's community-control sanctions is based on an incident that occurred in Williams County, Ohio in December 2017. (Doc. No. 38). The incident underlying Hill's prior-community-control violation occurred in Henry County, Ohio in July 2017. (Doc. No. 20).

{¶23} Further, the trial court plainly stated at the community-control-revocation hearing,

Well the Court, having listened to the testimony would find that the State has met its burden with regard to Item #1, a violation of conditions of supervision that the individual will obey federal, state and local laws and ordinances based upon the convictions out of the

Bryan Municipal Court that occurred on January 9, 2018 where there was a guilty finding to a misdemeanor two, resisting arrest, and the disorderly conduct with persistence, a misdemeanor four, that would constitute the violations. As such, the Court, at this time would enter a finding of true or of guilt on that particular count. We'll move now to disposition.

(May 1, 2018 Tr. at 19). In its entry revoking Hill's community-control sanctions and imposing the prison sentence, the trial court specifically stated,

Evidence and testimony having been presented by the State and Defendant, the Court finds the State has met its burden to support the allegations submitted in the Motion to Revoke Community Control as listed in Item#1-B and Item #2-C.

(Doc. No. 47). In other words, the trial court's decision to revoke Hill's community-control sanctions was *not* based on his prior-community-control violation. *See State v. Holloway*, 12th Dist. Butler No. CA2016-08-152, 2017-Ohio-4039, ¶ 21 (noting that community-control-violation-sentencing hearings are separate and distinct events in which the trial court conducts a new sentencing hearing and sentences the offender anew), citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17.

{¶24} Second, Hill appears to challenge whether he effectively waived his probable-cause hearing and whether his admission to the alleged prior-community-

control violation was knowing, intelligent, and voluntary. However, that issue is not properly before this court. The trial court filed its judgment entry of sentence for the prior-community-control violation on November 1, 2017 and Hill did not directly appeal that order as he is required to do under App.R. 4(A), or request a delayed appeal. *See State v. Vanelli*, 9th Dist. Wayne No. 02CA0066, 2003-Ohio-2717, ¶ 9 (noting that an entry imposing sanctions for community-control violations is a final, appealable order); *State v. Rogers*, 12th Dist. Clermont No. CA2007-05-068, 2007-Ohio-7076, ¶ 5-6 (refusing to address Rogers's challenge to matters pertaining to a prior sentencing entry in a direct appeal from a sentencing entry following the revocation of Rogers's community control), citing *State v. Seeley*, 3d Dist. Union No. 14-06-38, 2007-Ohio-1538, ¶ 17 ("Any questions concerning the validity of [a prior] entry or matters pertaining [to that entry] should have been raised by direct appeal."), citing *State v. Crutchfield*, 3d Dist. Paulding Nos. 11-01-09 and 11-01-10, 2002 WL 206008, *2 (Feb. 8, 2002). As such, we are without jurisdiction to determine the merits of Hill's arguments regarding whether he effectively waived his probable-cause hearing or whether his admission to the prior-community-control violation was knowing, intelligent, and voluntary. *See Seeley* at ¶ 18, citing App.R. 3, *State v. Pringle*, 3d Dist. Auglaize No. 2-03-12, 2003-Ohio-4235, ¶ 11, and *State v. Gordon*, 5th Dist. Fairfield No. 2-CA-92, 2003-Ohio-1900, ¶ 9.

**{¶25}** For these reasons, we reject Hill's arguments that the trial court abused its discretion by revoking his community control and overrule this assignment of error.

**Assignment of Error No. III**

**Appellant's Trial Counsel Provided Ineffective Assistance of Counsel.**

**{¶26}** In his third assignment of error, Hill argues that his trial counsel was ineffective for failing to "challenge the defective waiver of hearing and defective admission during Hill's second revocation hearing." (Appellant's Brief at 13). For the reasons that follow, we disagree.

*Standard of Review*

**{¶27}** A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675

(1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St. 3d 136, 141-42 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated in part on other grounds*, 438 U.S. 910, 98 S.Ct. 3135 (1978).

{¶28} "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

{¶29} Based on our resolution of Hill's second assignment of error, Hill cannot demonstrate that the outcome of his community-control-revocation hearing would have been different. Therefore, Hill's trial counsel was not ineffective for failing to challenge the validity of his probable-cause-hearing waiver or the validity of his community-control-violation admission at his second-community-control-violation hearing. Thus, his third assignment of error is overruled.

**{¶30}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**