[Cite as *State v. Taylor*, 2020-Ohio-1636.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-856 |
| v. | : | (C.P.C. No. 18CR-2274) |
| Melvin L. Taylor, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 23, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Yeura Venters*, Public Defender, and *Ian J. Jones*, for appellant.

APPEAL from the Franklin Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Melvin L. Taylor, appeals from a judgment of the Franklin County Court of Common Pleas which found him in violation of previously imposed community control sanctions, restored him to active community control, and imposed as an additional condition of community control a ten-month jail sentence. For the following reasons, we reverse the trial court's judgment and remand the matter for resentencing.

{¶ 2} On April 9, 2019, appellant entered a guilty plea to receiving stolen property in violation of R.C. 2913.51, a felony of the fifth degree. On the same day, the trial court

sentenced appellant to the following community control sanctions: two years of basic supervision, submission to alcohol/drug testing and treatment, including random urine screens, maintenance of fulltime verifiable employment, no new convictions or violations of law, and payment of $2,500 in restitution.

{¶ 3} On September 9, 2019, the trial court filed an entry declaring appellant to be an absconder. The court issued a capias for his arrest on September 12, 2019. According to a "Notice of Arrest" filed on November 7, 2019, appellant remained an absconder until November 1, 2019, when he was arrested on the absconder warrant.

{¶ 4} On November 19, 2019, plaintiff-appellee, State of Ohio, filed a statement of violations and requested revocation of appellant's community control. The statement of violations alleged that appellant had absconded from the court's jurisdiction, been charged with additional misdemeanor crimes, tested positive for marijuana, missed three probation department appointments, failed to make payments on the court-ordered restitution, and failed to verify employment.

{¶ 5} The trial court held a revocation hearing on November 26, 2019. Appellant stipulated to the community control violations. After affording appellant and his counsel the opportunity to present information in mitigation of punishment, the court sanctioned appellant for the community control violations, stating "[a]t this time the court is going to restore you to community control, give you an additional condition of 10 months in FCC then terminate. You have 59 days jail credit." (Nov. 26, 2019 Tr. at 4.)

{¶ 6} On December 5, 2019, the trial court issued an "Entry Restoring Absconder to Community Control Pursuant to Revocation." Therein, the court stated, "Defendant is found to be in violation of community control. However, having satisfied the Court that community control need not be revoked at this time, Defendant is hereby restored to active community control." (Dec. 5, 2019 Entry.) The court imposed the following condition: "Defendant shall serve 10 months at the Franklin County Correctional Center then terminate community control unsuccessfully [sic]." *Id.* The court further ordered that all other community control conditions remain in effect.

{¶ 7}  On December 19, 2019, appellant filed a notice of appeal from the trial court's December 5, 2019 judgment entry.[1]

{¶ 8}  On appeal, appellant advances one assignment of error for our review:

> The trial court erred by sentencing Mr. Taylor to ten months in a local jail, in violation of the maximum six-month community residential sanction allowed under R.C. 2929.16(A).

{¶ 9}  In his single assignment of error, appellant contends that the ten-month jail sentence imposed by the trial court as a community control sanction exceeds the six-month maximum limit set forth in R.C. 2929.16(A).  Appellee concedes this error, observing that "the ten-month jail condition renders the trial court's sentence of community control unlawful.  The maximum length of a jail condition to be served under community control is six months.  R.C. 2929.16(A)(2) & (A)(6)."  (Appellee's Brief at 5.)

{¶ 10}  R.C. 2953.08(G)(2) sets forth the standard of appellate review of felony sentences.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or vacate the sentence and remand for resentencing, if the court clearly and convincingly finds that either the record does not support certain statutory findings made by the sentencing court or that the sentence is otherwise contrary to law.  This same standard applies to review of a sentence imposed pursuant to a community control revocation hearing.  *State v. Randolph*, 5th Dist. No. 17 CA 53, 2018-Ohio-4651, ¶ 10; *State v. Haddox*, 6th Dist. No. E-15-017, 2016-Ohio-3368, ¶ 32; S*tate v. Hill*, 3d Dist. No. 7-18-24, 2018-Ohio-4647, ¶ 8; *State v. Jung*, 8th Dist. No. 105928, 2018-Ohio-1514, ¶ 14.

{¶ 11}  R.C. 2929.16(A)(2) and (6) govern the imposition of community control sanctions for a felony offender such as appellant who is not required to serve a mandatory prison term and who has violated the conditions of previously imposed community control sanctions.  In relevant part, the statute provides:

> (A)  Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential

---

[1] On January 3, 2020, appellant filed in the trial court a motion to modify the sentence imposed, or, in the alternative, to stay execution of the sentence pending appeal.  Appellee opposed the motion on January 7, 2020.  On January 9, 2020, the trial court issued an entry overruling the motion.

sanctions under this section. * * * Community residential sanctions include, but are not limited to, the following:

(2) Except as otherwise provided in division (A)(3) or (6) of this section and subject to division (D) of this section, a term of up to six months in a jail;

***

(6) If the offender is sentenced to a community control sanction and violates the conditions of the sanction, a new term of *up to six months* in a community-based correctional facility that serves the county, in a halfway house, *or in a jail*, which term shall be in addition to any other term imposed under this division.

(Emphasis added.)

{¶ 12} To date, this court has not addressed the issue presented in this appeal. However, other Ohio appellate courts have concluded that R.C. 2929.16(A) limits jail terms as community residential sanctions to a maximum of six months. *State v. Poulter*, 2d Dist. No. 28492, 2020-Ohio-396 (under R.C. 2929.16(A), community control sanction longer than six months in jail is contrary to law); *State v. Taylor*, 3d Dist. No. 16-18-07, 2019-Ohio-1287 (a jail term of up to six months may be imposed as part of the community control sanctions); *State v. Raypole*, 6th Dist. No. S-18-045, 2019-Ohio-3019 (R.C. 2929.16(A)(2) permits imposition of community residential sanction that may include a term of up to six months in jail); *State v. Abernathy*, 8th Dist. No. 102716, 2015-Ohio-4769 (one-year county jail sentence exceeded six-month maximum jail sentence set forth in R.C. 2929.16(A); *State v. Rutherford,* 8th Dist. No. 102775, 2015-Ohio-5259 (state conceded one-year jail term exceeded trial court's authority under R.C. 2929.16(A)(2) and thus was contrary to law; trial court could only impose a term of up to six months when imposing sentence under R.C. 2929.16(A)(2)).

{¶ 13} As appellant argues, and appellee concedes, R.C. 2929.16(A)(2) and (6) allow for a maximum of six months in a local jail for a violation of community control. Thus, the trial court's imposition of a ten-month jail term as an additional condition of community control was clearly and convincingly contrary to law. Having so found, we may vacate the sentence and remand for resentencing. R.C. 2953.08(G)(2).

{¶ **14**} Appellant's sole assignment of error is sustained.   We vacate appellant's sentence and remand the matter to the trial court for resentencing.

*Judgment reversed; case remanded with instructions.*

SADLER, P.J., and BROWN, J., concur.

———————————